C. WILLIAM FINKELSTEIN, Respondent, v. FRED GRETSCH, JR., Treasurer of National Association of Musical Merchandise Wholesalers, Appellant.— Order denying defendant's motion for summary judgment dismissing the complaint affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

MARIE FRIEDMAN, Appellant-Respondent, v. CHARLES A. GORDON and Others, Defendants. MILTON R. GOLDSTEIN, Former Attorney for Plaintiff, Respondent-Appellant, and JONES & GOGOLICK, Former Attorneys for Plaintiff, Respondents. — Order granting motion for the substitution of an attorney in tort litigation prosecuted by the plaintiff against certain defendants modified by striking therefrom the final ordering paragraph and substituting therefor a paragraph granting the motion on condition that Milton R. Goldstein have a lien upon the proceeds of the litigation of twenty per cent of the amount of any recovery therein, and that Jones & Gogolick have a lien in the amount of $500 upon any recovery obtained by the plaintiff and payable therefrom, without prejudice to an application to the court for a reduction in the amount of the latter lien in the event that the amount of the recovery is such that $500 is disproportionate to such recovery; and that the papers be turned over to the new attorney, James A. Doherty, without the present payment of any sum of money. As so modified, the order is affirmed, without costs. Plaintiff's original lawyer, Goldstein, is entitled to the benefit of the agreement under which he was superseded. He may and did waive the right to have his lien fixed on a *quantum meruit* basis. The second set of attorneys have seen fit to insist upon their right to have the amount of their lien fixed on a *quantum meruit* basis. Whether or not that sum shall be paid immediately as a condition for the turning over of the papers or the payment thereof deferred until the outcome of the action rests in the sound discretion of the court. (*Robinson* v. *Rogers*, 237 N. Y. 467; *Matter of Lydig*, 262 id. 408; *Matter of Dunn*, 205 id. 398; *Bloom* v. *Irving Trust Co.*, 152 Misc. 50, 53; *Bernstein* v. *Suchoff*, 242 App. Div. 784.) Lazansky, P. J., Carswell, Adel and Close, JJ., concur; Hagarty, J., dissents in part with the following memorandum: I concur in the modification in so far as it relates to the appellant Goldstein, and dissent therefrom in so far as it relates to respondents Jones & Gogolick, and vote to affirm as to such respondents. The attorneys Jones & Gogolick are presently entitled to a fixed sum as compensation based on *quantum meruit*, irrespective of the outcome of the litigation. (*Matter of Tillman*, 259 N. Y. 133, 135, 136; *Ferkin* v. *Board of Education*, 278 id. 263, 269; *Matter of Montgomery*, 272 id. 323, 326, 327, 328.) The modification relegates these attorneys to payment on contingency in violation of the well-settled rule. Further, the contingency arrangement is unfair, in that it works a reduction if the recovery be small, but makes no corresponding provision for increase if the recovery be large. The modification deprives the attorneys of their retaining lien, although the rule is that " In the absence of such payment [for services rendered], the retaining lien remains in force and the attorney cannot be compelled to surrender the papers in relation to the action in his possession, in the absence of unprofessional conduct on his part." (*Matter of Weitling*, 266 N. Y. 184, 186, 187.) (See, also, *Matter of Dunn*, 205 id. 398; *Matter of Lydig*, 262 id. 408; *Robinson* v. *Rogers*, 237 id. 467, 472, 473.)