In an action to recover damages for personal injuries, the appeal is from so much of an order granting a motion for substitution of attorneys as (1) fixed the fee of the outgoing attorney at 25% of any settlement or recovery plus disbursements, *1003 and (2) declared the fee and disbursements to be a lien on the recovery or settlement. His retainer provided for a contingent fee of 40% of any recovery. Order modified on the law and the facts by striking therefrom the second ordering paragraph and by substituting therefor a provision fixing the fee of respondent at $3,750, plus $173.50 disbursements, to be paid out of any recovery or settlement, and declaring that the fee and disbursements are a lien on any recovery or settlement. As so modified, order insofar as appealed from affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. We do not construe the record or the conduct of the appellant attorney on the argument of the motion at Special Term to be, as stated in respondent’s brief, a consent by appellants that the fee be fixed on a percentage basis. When an attorney who has been retained on a contingent percentage basis to prosecute a tort action is discharged without cause, he is entitled to compensation on the basis of quantum meruit, although the court may direct that the compensation be payable out of the recovery or settlement. A percentage allowance does not fall within the description of quantum meruit. Compensation may be fixed on a percentage basis if so desired, but not if objected to by either the outgoing attorney or the plaintiff (Martucci v. Brooklyn Children’s Aid Soc., 284 N. Y. 408; Friedman v. Gordon, 260 App. Div. 1023, affd. 285 N. Y. 630; Wojcik v. Miller Bakeries Corp., 2 N Y 2d 631, 639). Respondent was not guilty of such misconduct as to justify an unconditional substitution of attorneys and the forfeiture of his lien. He is entitled to compensation on the basis of quantum meruit. It does not appear that appellants, at Special Term, requested that a hearing be held to determine the amount that respondent was entitled to receive on the basis of quantum meruit (see, e.g., Eiferman v. City of New York, 276 App. Div. 919, affd. 302 N. Y. 724) and, in our opinion, no such hearing is necessary. On consideration of the circumstances disclosed by the record, it is our opinion that the reasonable value of respondent’s services does not exceed the amount hereby fixed (see, e.g., Eiferman v. City of New York, supra; Casazza v. Automotive Co. of New Jersey, 276 App. Div. 923).
Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.