Harry B. Frank, J.
The instant motion is for substitution of attorneys.
This is an action for personal injuries sustained by an infant under the age of 14 years on May 25,1956, and is brought by his guardian ad litem, together with an action for loss of services brought by the mother individually. The original attorneys retained herein instituted the present action and appeared before me on June 10, 1958 at Special and Trial Term, Part XXIII, for a pretrial conference. On June 11,1958 a settlement was entered into on the record in the sum of $6,500. Mr. Hoberman, one of the present attorneys whom plaintiff is seeking to substitute, claims in his affidavit that at the time the stipulation of settlement was entered into, his attorney’s fees were set by me. Reference to the stenographer’s minutes of that date will reveal the contrary. The record shows only that a settlement in the sum of $6,500 was entered into and provides for the submission of compromise papers and the other necessary documents to terminate the matter. Subsequent to the date of the stipulation on the record, but before the compromise papers were submitted to me, the plaintiff became dissatisfied with the attorney and is presently moving for the substitution.
The retiring attorney wishes to have his lien set on a quantum meruit basis.
A client may of course discharge his attorney at any time, even without cause (Schwarts v. Tenenbaum, 6 A D 2d 810; Matter of Dunn, 205 N. Y. 398).
The retiring attorney under the circumstances herein is entitled to have his compensation set on the basis of a presently fixed dollar amount determined on the basis of quantum meruit (Reubenbaum v. B & H Express, 6 A D 2d 47). Accordingly, this matter is referred to Official Referee Jacob Marks to take proof and report with his recommendation as to the reasonable value of the services rendered by the outgoing attorneys. Hpon a final determination of the value of the retiring attorneys’ services, such sum shall be paid out of any recovery or settlement of the action, and such fee is to be a lien on any such recovery or settlement (see Friedman v. Gordon, 260 App. Div. 1023, affd. 285 N. Y. 630, and Brown v. Moffitt, 5 A D 2d 1002). With regard to the disbursements, however, those are easily ascertainable from the papers submitted herein, and are uncontradicted. The out-of-pocket disbursements are in the sum of $147.94.
*396 The motion for substitution of attorneys is granted, and the retiring attorneys are hereby ordered to release the papers to the new attorney upon payment of the out-of-pocket disbursements in the sum of $147.94 (Silverstein v. National Auto Renting Corp., 4 A D 2d 869). Determination of the amount of the lien of the retiring attorneys is held in abeyance pending submission of the Referee’s report.
Settle order accordingly.