■ BERNARD SHATZKIN et al., Plaintiffs, v. SOLOMON E. SHAHMOON, Defendant. In the Matter of SOLOMON E. SHAHMOON, Appellant, v. MILTON POLLACK, Respondent.— In a special proceeding by petitioner Solomon E. Shahmoon to substitute Julius Zizmor, Esq., as attorney in place of respondent Milton Pollack, Esq., in a pending action by a firm of lawyers (Shatzkin & Cooper) against petitioner, as defendant, to recover some $166,000 as the value of the legal services rendered by such firm to him, the petitioner appeals: (1) from an order of the Supreme Court, Kings County, dated April 3, 1961, made on reargument, which adhered to the court's original decision granting the substitution of attorneys and referring to an Official Referee for hearing and report the issue as to the value of the services rendered by respondent Pollack to petitioner in said action, for which respondent has not been paid; and (2) from an order of said court dated January 19, 1962, which affirmed the Referee's report made October 9, 1961 after a hearing, fixed such value at $1,500 and directed petitioner to pay said sum with interest, less a certain credit, to respondent Pollack. Order of January 19, 1962 reversed on the law, without costs, and respondent's cross application for the fixation of his fee in this proceeding denied. No questions of fact were considered. Appeal from order of April 3, 1961 dismissed, without costs; an appeal does not lie from an order of reference to hear and report. This disposition is without prejudice to a plenary action by respondent Pollack to recover the value of the services rendered by him to and on behalf of said Solomon E. Shahmoon as defendant in the pending action against him by the firm of Shatzkin & Cooper. Petitioner Shahmoon, by letter dated March 10, 1960, discharged the respondent as his attorney in the pending action and requested him to turn over all papers to his new attorney Julius Zizmor. Respondent consented to the substitution and the turnover but only on condition that an additional fee of $1,500 be paid to him for his services. Petitioner thereupon made this formal application for a substitution of attorneys but did not request the turnover of the papers. In opposition, respondent requested the court "in conformity with well established practice, to include in the order of substitution a provision fixing" his

fees and disbursements; and respondent claimed $1,500 as the reasonable value of the services rendered to petitioner by him for which he had not been paid. By the order of April 3, 1961, the court granted the motion for substitution and at the same time referred to an Official Referee the issue as to the value of respondent's services for which he had not been paid. After hearings, the Referee rendered his report in which he found such value to be $1,500. By the order of January 19, 1962 the court confirmed the Referee's report and directed petitioner to pay said sum to respondent. Where a client demands or requests the order of the court for the turnover of papers in the possession of his discharged attorney and the attorney asserts a claim for compensation for services rendered by him to the client, the attorney is entitled to a summary determination fixing the value of his services and the amount so fixed must be paid or otherwise secured to the attorney before any such turnover may be enforced (*Bernstein* v. *Bedrick,* 262 N. Y. 472). This power of the court to compel an attorney to deliver to his client papers upon which the attorney has a lien is based upon the control by the court of its own officers, and upon its power to compel attorneys to act equitably and fairly toward their clients (*Robinson* v. *Rogers,* 237 N. Y. 467, 472). However, where (as here) a client does not request the aid of the court to compel his former attorney to turn over papers, the value of the attorney's services may not be determined summarily; the attorney is then relegated to a plenary action (*Goldman* v. *Rafel Estates,* 269 App. Div. 647, 649). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.