Samuel M. Gold, J.
The rule is well established that an attorney, discharged without cause, need not turn over the papers in his possession, and thus forfeit his retaining lien, unless he is paid the reasonable value of his services or adequate security for such payment is furnished (Robinson v. Rogers, 237 N. Y. 467, 473; Matter of Dunn, 205 N. Y. 398; Matter of Weitling, 266 F. Y. 184, 187; Matter of Kellog, 33 N. Y. S. 2d 949, 956; Matter of Tillman, 259 N. Y. 133, 135-136). In the last-cited case, the Court of Appeals declared that the discharged attorney (p. 136): “ need not, in this proceeding to fix the amount of his lien, be compelled to await the outcome of the litigation from which he has been displaced ”.
Although the moving papers contain statements to the effect that the outgoing attorney was discharged for cause, the brief submitted by plaintiff’s attorneys declares that “ no contention is made that his right to payment has been forfeited”. For purposes of this proceeding, it must, therefore, be assumed that the outgoing attorney has not been discharged for cause and that he is entitled to assert his retaining lien.
Plaintiff’s attorneys cite a number of decisions which, they claim, support their request that the outgoing attorney be compelled to turn over the papers in his possession and await the outcome of the action, to receive payment for services heretofore rendered by him. Only one of the cases cited went to the Court of Appeals, viz.: Friedman v. Gordon (260 App. Div. 1023 [2d Dept.], affd. 285 N. Y. 630). The remaining cases referred to by plaintiff’s attorneys are based upon the decision in that case. The Friedman ease (supra), involved a personal injury action, while the present case is one for breach of contract. The Appellate Division of the Second Department wrote a short memorandum opinion, with one Justice writing a dissenting opinion. The affirmance by the Court of Appeals was without opinion, with three of the seven Judges dissenting. Examination of the record on appeal to the Court of Appeals *121 reveals that the reason for the substitution of a new attorney was that the partner in the displaced firm who was an expert trial lawyer had died and plaintiff did not wish the action to be tried by the surviving partner or by employees of the firm. It is possible that the majority of the Court of Appeals Judges felt that, under these circumstances, the surviving member of the firm had no retaining lien, or, at least, that, since the death of the trial partner was no fault of the plaintiff, an equitable determination required that payment to the surviving partner await the outcome of the action. At any rate, in the absence of an opinion, it is not to be assumed that the Court of Appeals intended to overrule its many prior decisions in the cases cited at the outset of this opinion.
The Appellate Division, Second Department, has itself interpreted its decision in the Friedman case (supra), as applying only to tort actions (Brown v. Moffitt, 5 A D 2d 1002, 1003): ‘1 When an attorney who has been retained on a contingent percentage basis to prosecute a tort action is discharged without cause, he is entitled to compensation on the basis of quantum meruit, although the court may direct that the compensation be payable out of the recovery or settlement” (emphasis supplied). The cases cited by the plaintiff’s attorneys here all involved tort actions. Assuming that the Friedman case is authority for applying a different rule to tort actions, it does not avail plaintiff in the instant action for breach of contract.
The motion is grantéd to the extent that an order of substitution is sought. The issue as to the amount of the outgoing attorney’s lien, which is to be fixed on a quantum meruit basis, is referred to Hon. Seymour Bibber, Special Referee, to take testimony and report with his opinion with all convenient speed. The fixation of the amount of the lien and the determination of the security to be furnished in lieu of payment, as a condition precedent to compelling the turnover of the papers in the possession of the outgoing attorney, is to await the coming in of the report and the court’s orders thereon.