Per Curiam.

Appeal from the original order should be dismissed, without costs in view of the appeal from the order on reargument. (Civ. Prac. Act, § 562-a; Edell v. Edell, 279 App. Div. 657.) Order granting reargument and adhering to the original determination should be unanimously modified so as to provide that plaintiffs’ motion to substitute their attorneys unconditionally is granted and that the amount found to be the reasonable value of the services rendered shall be a lien on any recovery or settlement, and payment thereof deferred pending *618 the outcome of the action with leave to the plaintiffs at that time to apply, on notice to their former attorneys, for the reduction of such lien in the event the amount thereof should then prove disproportionate to the recovery. As so modified, order affirmed, without costs of this appeal to either party.
A client has the right to discharge his attorney at any time and for any reason which seems satisfactory to him, however arbitrary. (Matter of Dunn, 205 N. Y. 398, 402; Schwarts v. Tenenbaum, 6 A D 2d 810.) Accordingly it was error for the court below to impose as a condition precedent to substitution the requirement that the fee of the replaced attorneys be paid. (Marrello v. Caputo, 4 A D 2d 768.) The outgoing attorneys were entitled only to the imposition of reasonable conditions for the protection of their retaining and charging liens. (Friedman v. Gordon, 260 App. Div. 1023, affd. 285 N. Y. 630.) Such protection in this case may be accomplished by declaring the amount fixed by the court below to be a lien on and payable from any recovery or settlement. (Brown v. Moffitt, 5 A D 2d 1002.)
Since, however, all the factors properly determining compensation, especially the size of the possible recovery, cannot even be estimated upon the present record, the plaintiffs are granted leave upon the outcome of this litigation, to apply on notice to their former attorneys for the reduction of the compensation presently fixed in the event the amount thereof should then prove disproportionate to the recovery. (Casassa v. Automotive Co. of New Jersey, 276 App. Div. 923-924.)
Concur ■ — Pette, Hart and Di Gtovanka, JJ.
Order dismissed, etc.