■ SHELBOURNE GARAGE, INC., Respondent, v. LOUIS W. LICHT et al., Defendants. S. JEROME LEVEY, Appellant.— In an action to recover money damages, in which plaintiff has discharged its attorney, the latter appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated August 4, 1969, as, upon his motion to fix his compensation, determined (1) that the amount be fixed by the trial court or upon motion after the outcome of the action and (2) that he surrender papers and property to the attorneys replacing him. Order reversed insofar as appealed from, on the law, without costs, and matter remitted to the Special Term for a hearing before and determination by the court upon the issues of the reasonable value of the services rendered by appellant and whether, under all the circumstances, payment of the fee so fixed should be made immediately or deferred. No questions of fact have been considered. When a client discharges his attorney without cause, the attorney is entitled to have his compensation determined in a fixed dollar amount, presently payable or secured by a lien on the cause of action, based on the reasonable value of his services (*Martucci* v. *Brooklyn Children's Aid Soc.*, 284 N. Y. 408; *Matter of Tillman*, 259 N. Y. 133, 136; *Reubenbaum* v. *B. & H. Express*, 6 A D 2d 47, 48; cf. *Roskind* v. *Brown*, 29 A D 2d 549, 550). Whether the fee so fixed shall be paid immediately or deferred until the outcome of the action rests in the sound discretion of the court (*Friedman* v. *Gordon*, 260 App. Div. 1023, affd. 285 N. Y. 630; *Adams* v. *Legett*, 15 A D 2d 856, 857). Christ, Hopkins and Brennan, JJ., concur; Beldock, P. J., and Rabin, J., dissent and vote to affirm the order insofar as appealed from (*Friedman* v. *Gordon*, 260 App. Div. 1023, affd. 285 N. Y. 630). As we read the *Friedman* case it stands for the proposition that while a discharged attorney has the right to a determination of whether or not he is entitled to a lien on any recovery his former client may obtain, it is not necessary that the amount of his fee be presently determined and such determination may await the conclusion of the client's lawsuit. In that case this court held, with respect to a firm of discharged attorneys, that they "have a lien in the amount of $500 upon any recovery obtained by the plaintiff and payable therefrom [out of the proceeds of the litigation] without prejudice to an application to the court for a reduction in the amount of the latter lien in the event that the amount of the recovery is such that $500 is disproportionate to such recovery" (p. 1023).

■ JAMES M. STRONG, Respondent, v. PEGGY CAHN, Appellant.— Order of the Supreme Court, Suffolk County, dated May 16, 1969, and judgment entered thereon on July 24, 1969, affirmed, with one bill of $10 costs and disbursements (see *Weisl* v. *Edward J. Clancy-Ann Vera Hughes, Inc.*, 278 App. Div. 714; *Wm. E. Morrell, Inc.* v. *Carlstedt*, 268 App. Div. 1070; *Schenck* v. *Sleepy Hollow Cemetery*, 265 App. Div. 974). Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.