OPINION OF THE COURT
Andrew J. Di Paola, J.
This motion presents yet another instance of the peripheral jousting between substituted attorneys in matrimonial actions. Indeed, the aftermath of the dissolution of the marriage often leaves the former and present attorneys for the parties still on the litigation battlefield while their clients have retired from the fray.
In July of last year, plaintiff wife moved this court for an order directing substitution of attorneys. The motion was granted by order dated July 29, 1980 in which this court directed as follows: “Prior to any turnover of this file, this matter shall be set down for an evidentiary hearing to determine the amount of the outgoing attorney’s charging lien pursuant to § 475 Judiciary Law (Yaron v. Yaron, 58 AD2d 752 [1st Dept. 1977]; Ryan v. Ryan, 24 AD2d 1010 [2nd Dept. 1965]; Levitas v. Levitas, *552 96 Misc 2d 929 [Supreme Court, Spec. Term, N. Y. County, 1978]).”
Following the entry of this order, a note of issue was filed and the matter was scheduled for a hearing. Because of adjournments, the hearing has not been-held. Meanwhile, the matrimonial action which gave rise to the original turnover motion was settled.
Although the file was never turned over to the new attorney (because the hearing was adjourned), the incoming attorney nevertheless was apparently able to obtain the essence of the file from the county clerk’s office, a strategem which invokes the maxim “there’s more than one way to skin a cat”.
Having thus outmaneuvered his predecessor and gotten his client her settlement, plaintiff’s new attorney now seeks an order “dismissing the hearing” ordered by the court inasmuch as there is no longer any turnover proceeding pending. Plaintiff suggests that since he no longer wants the file, the outgoing attorney has no right to a hearing on the lien and is relegated to a plenary action to recover his fee.
In order to protect his interests, the former attorney made an application to the court to restrain the former husband, his attorneys and the new attorney from transferring and distributing any funds due to the wife in settlement of the matrimonial action; a temporary restraining order regarding the proceeds of the settlement was granted pending the determination of this motion-.
While this motion seeks an order “dismissing the hearing”, it is actually a motion to renew the original motion that resulted in the order of July 23, 1980 upon additional facts. Inasmuch as plaintiff relies on facts which occurred after the prior motion was passed upon, the court will consider the matter de nova (cf. Goldenberg v Adler, 123 NYS 387; Veeder v Baker, 83 NY 156).
It is movant’s position that where the assistance of the court is not requested to compel the turnover of papers, the value of the attorneys’ services must be determined in a plenary action (Shatzkin v Shahmoon, 19 AD2d 658).
*553 In opposition, the outgoing attorney claims that his successor has been guilty of loches, in that he failed to perfect an appeal taken from this court’s order of July 29, 1980. The matter is now scheduled for a hearing on January 29, 1981. In addition, the outgoing attorney argues that contrary to the facts in Shatzkin v Shahmoon (supra), movant orginally did request the turnover of the files. A threshold issue in this case is the nature of the charging lien under section 475 of the Judiciary Law, with regard to matrimonial cases.
Section 475 of the Judiciary Law states: “From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client’s cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client’s favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.”
The distinction between the “retaining” and “charging” lien still exists (Matter of Heinsheimer, 214 NY 361). Under a retaining lien, the attorney has a general lien for the papers, security or moneys belonging to his client which come into the attorney’s possession during the course of his employment and are thereafter retained by him (Robinson v Rogers, 237 NY 467).
However, the charging lien codified in section 475 of the Judiciary Law is based upon the equitable doctrine that an attorney should be paid out of the proceeds of the judgment procured by him and the lien exists independent of possession.
Although a charging lien of an attorney does not attach to an award of alimony, section 475 of the Judiciary Law does not preclude the enforcement of such a lien upon an award of counsel fees to either the client or to subsequent *554 counsel (Levitas v Levitas, 96 Mise 2d 929; 99 ALR2d 451; Goldenstein v Goldenstein, 28 AD2d 962).
Applying the foregoing principles to the application presented, it is the determination of this court that the outgoing attorney properly asserted a charging lien pursuant to section 475 of the Judiciary Law at the time movant requested the turnover of the file. In addition, the outgoing attorney had a common-law possessory lien on the file. Since the charging lien was timely asserted, it cannot be defeated by movant’s present disclaimer of needing any assistance from this court. Indeed, if the outgoing attorney had only the common-law retaining lien on the file, movant’s game plan would have been successful. An attorney with a lien on a file which no one wants is like a garage mechanic with an abandoned junk car in his possession.
In reaching this decision, the court determines that Shatzkin v Shahmoon (19 AD2d 658, supra) is inapplicable to the case at bar by reason of movant’s earlier application for a turnover of the file.
While the existence of the lien does not preclude the outgoing attorney from commencing a plenary action against either the wife or the husband (cf. Schwartz v Schwartz, 25 Misc 2d 225), this court does not see any need to require him to commence this action now when the matter has been assigned so imminent a day certain for hearing. This is not to say, however, that the substituted attorney is precluded from such plenary action in the event the award or settlement does not provide sufficient counsel fees to satisfy his lien.
Accordingly, the court determines that the outgoing attorney has a charging lien on sums awarded either by the judgment of divorce or payable as part of any settlement as counsel fees to plaintiff or her present attorneys. The court has not been apprised of the details of the settlement and can only surmise that attorneys’ fees were included in the stipulation. The amount of the lien and the value of the services performed by the original attorney shall be determined at the hearing ordered by this court on July 29, 1980 and now scheduled for January 29, 1981.
*555 Movant’s request for disclosure is untimely and should have been made at the time of the filing of the note of issue.
The court hereby continues the temporary restraining order on the proceeds of the settlement pending the determination of the hearing ordered herein.