■ In the Matter of the Estate of HATTIE GOLDIN, Deceased. STANLEY GOLDIN et al., Respondents; BRUCE G. BEHRINS, Appellant. — In a proceeding to fix the compensation of an attorney pursuant to SCPA 2110, the attorney appeals from a "corrected" order of the Surrogate's Court, Richmond County (D'Arrigo, S.), dated October 6, 1983, which, after a hearing, determined that the agreed fee of $10,000 was fair and reasonable for the complete administration of the estate, and ordered that the value of the fair and reasonable services performed by a substituted attorney be determined at a subsequent hearing and deducted from the $10,000 agreed fee.

Corrected order reversed, on the law, with costs, and matter remitted to the Surrogate's Court, Richmond County, for a new hearing in accordance herewith, to be conducted before another Judge.

Appellant was retained by respondents in 1974 to represent them in their capacities as nominated executor and executrix of their late mother's estate for an agreed fee of $10,000. Appellant performed various services related to the administration of the estate over the course of the next six years, after which time respondents discharged him and substituted a new attorney to complete the administration of the estate. Thereafter, they commenced this proceeding to fix the attorney's fees. They alleged, *inter alia,* that although they had paid appellant the agreed upon retainer fee, he had failed to complete the administration of the estate. Appellant, on the other hand, contended that during the course of his handling of the estate, he was required to perform services which had not been contemplated by the parties as being encompassed by the original retainer agreement. He claimed that the actual value of his services was, in fact, in excess of $22,000. A hearing was held to fix the fee, at the conclusion of which the Surrogate found that the agreed upon fee of $10,000 was a fair and reasonable fee for the administration of the estate. He also found, however, that since appellant did not complete the administration of the estate, a further hearing should be held to determine the value of the

services performed by the successor attorney, and that that sum should be deducted from the original retainer fee and returned to the estate. We now reverse and remit the matter to the Surrogate's Court for a new hearing to determine the fair and reasonable value of appellant's services. While it is a fundamental right of a client to discharge his attorney without cause at any time, the discharged attorney is ordinarily entitled to recover in *quantum meruit* for the fair and reasonable value of his services up to the point of his discharge (see *Demov, Morris, Levine & Shein v Glantz,* 53 NY2d 553; *Matter of Montgomery,* 272 NY 323). Importantly, when the discharged attorney seeks recovery in *quantum meruit,* he is not limited by the terms of his original retainer agreement (*Matter of Montgomery, supra*). Indeed, at bar, the only evidence presented at the original hearing — by appellant and his expert witness — regarding the value of the services performed, indicated that the value of those services was well in excess of the amount set in the original agreement.

Thus, the fact that the original retainer agreement called for a fee of $10,000 was irrelevant for purposes of determining the fair and reasonable value of appellant's services, and a new hearing should be held to determine the value of those services without reference to the parties' original agreement.

Under the circumstances herein, we deem it appropriate that the new hearing be conducted before a Judge other than the Surrogate (see *Matter of Burke,* 82 AD2d 260). Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.