■ In the Matter of the Judicial Dissolution of PEERLESS SALES CORP. BURNS JACKSON MILLER SUMMIT & JACOBY, Respondent-Appellant; ARTHUR RICE, et al., Appellants-Respondents. — In a proceeding, *inter alia,* to fix a fair and reasonable fee to be paid to petitioner law firm, Arthur and Louise Rice appeal from a judgment of the Supreme Court, Nassau County (Burke, J.), entered October 13, 1982, which, after a hearing, awarded petitioner $314,966 in full satisfaction of the attorney's lien. Petitioner cross-appeals from so much of the same judgment as limited its damages to the sum of $314,966.

Judgment affirmed, without costs or disbursements.

In 1972, two families, the Rices and the Jaffes, were each the beneficial owners of 50% of all of the issued and outstanding shares of six domestic business corporations. That year, conflicts and disagreements between the Rices and the Jaffes caused Arthur Rice to retain the legal services of Burns Jackson Miller Summit & Jacoby (Burns Jackson). Burns Jackson represented the Rices for more than five years in an effort to obtain a separation of the interests of the six corporations. During the first 27 months of this representation, Burns Jackson attempted — without success — to negotiate an in-kind distribution of the assets. On March 1, 1975, Burns Jackson served a petition for dissolution of the corporations operated by Jaffe and subsequently negotiated a stipulation with the Jaffes' attorney pursuant to which their respective clients would consent to arbitration of the matter. In March, 1978, before the completion of the services undertaken by Burns Jackson, the Rices substituted another law firm in their place. Thereafter, Burns Jackson brought on a petition for an order fixing a reasonable fee for its services to the Rices for the period from November, 1972 through December, 1977 and directing that a judgment and lien in that amount issue. After evaluating the positive elements of the services rendered as well as the criticism leveled against the quality of those services, Special Term found the fair and reasonable value of the services to be $292,500.

The Rices now claim that since Burns Jackson was discharged for cause, it is not entitled to any compensation. We find the record bare of evidence that the Rices had any cause to discharge the law firm. In fact, by arguing at Special Term and before this court that Burns Jackson withdrew from representation and was not discharged, the Rices really conceded the issue. While some 27 months elapsed before the initiation of the dissolution proceeding, during that time Burns Jackson made reasonable efforts to negotiate and settle the dispute. Its subsequent decision to commence the dissolution proceeding was a rather obvious attempt to induce the Jaffes to agree to an in-kind distribution of assets. The law firm's subsequent decision to have the dispute between the Rices and the Jaffes arbitrated seems prudent since an arbitration settlement would result in a tax advantage. Finally, it is significant that Burns Jackson set the course that ultimately obtained for the Rices a 50% share of all the assets of the corporations at a value far in excess of what was contemplated originally. Accordingly, it may be concluded that Burns Jackson accomplished what it was hired to do, and since the firm was not discharged for cause, it is clearly entitled to the reasonable value of the services actually rendered, that is, in *quantum meruit.*

Special Term properly fixed the fair and reasonable value of the services after taking into account, *inter alia,* the time required for the work performed, the complexity of the case, whether it was hard fought, the significance of the case to the client, the sums involved, the professional standing of the attorneys, the skill and standing of opposing counsel, and the outcome of the proceedings (see *Matter of Freeman,* 34 NY2d 1).

Accordingly, the award was appropriate and it should not be disturbed. Lazer, J. P., O'Connor, Rubin and Boyers, JJ., concur.