■ MAY L. VENTOLA, Respondent, v ANTHONY VENTOLA, Defendant. ALAN I. BOOCKVAR, Nonparty Appellant.—In a matrimonial action, plaintiff's former attorney, Alan I. Boockvar, appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated February 13, 1985, which (1) directed him to turn over the file in this action to the successor attorneys within 10 days of the receipt of the order, and (2) directed that, at the hearing to be held herein, his compensation be predicated on the value of the legal services rendered by him to the plaintiff prior to the date of his termination.

Order modified, by deleting therefrom the provision directing appellant to turn over plaintiff's file to the successor attorneys prior to the commencement of the hearing to be held herein. As so modified, order affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Suffolk County, for a prompt hearing in accordance herewith.

On this appeal, appellant argues that Special Term erred in ordering that his compensation be determined by "the value of the attorney's services rendered" by him to the plaintiff

prior to the date of his discharge, since he had an express agreement with the plaintiff that he was to be paid on an hourly basis and that the foregoing agreement could not be ignored by the hearing court. We reject that contention. In *Teichner v W & J Holsteins* (64 NY2d 977, 979), the Court of Appeals restated the long-recognized principle that a client has an absolute right to discharge an attorney at any time during the course of the representation, and that "[i]f the discharge is without cause before the completion of services, then the amount of the attorney's compensation must be determined on a quantum meruit basis". While that case involved a contingent fee, a like rule applies to fixed-fee retainer agreements.

"Although a client may terminate the relationship between himself and the attorney at any time by discharge and substitution, it is well settled that an attorney employed under contract for a fixed fee, who is discharged without fault, has an immediate right to recover upon quantum meruit for the services rendered prior to the discharge. In fact, quantum meruit is regarded as the only remedy available; the attorney is not entitled to the fee agreed upon, and he cannot recover damages on the theory of breach of contract. While the terms of the contract of retainer may be taken into consideration in determining the amount to be allowed the attorney in quantum meruit, the recovery is not limited by the contract price when suing on quantum meruit" (7 NY Jur 2d, Attorneys at Law § 148; *see also, Demov, Morris, Levin & Shein v Glantz,* 53 NY2d 553; *Matter of Goldin,* 104 AD2d 890). Thus, Special Term was correct in directing that at the hearing to be held herein, appellant's compensation was to be predicated on the reasonable value of the legal services rendered by him.

In addition, appellant contends that Special Term erred in directing him to turn over his former client's file to the successor attorneys before he has been paid for his legal services. We note that where "a client requests that papers in the possession of his former attorney be returned to him, and the attorney asserts a claim for compensation for services rendered, the attorney is entitled to a determination fixing the value of his services, and the amount so fixed must be paid or otherwise secured to the attorney before any such turnover may be enforced" (*Rosen v Rosen,* 97 AD2d 837). Accordingly, appellant is entitled to a determination of the amount of his fee, and either the payment thereof or the provision of adequate security therefor, prior to his being required to turn over the papers in his possession. We further note that plain-

tiff has conceded on this appeal that a prompt hearing should be held on the question of appellant's fee, and that he should be permitted to retain her file pending the completion of that hearing. Brown, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.