■ JUNE THEROUX, Respondent, v GEORGE THEROUX, Defendant, and EPSTEIN & GREEBEL, Appellant.—In a matrimonial action, the plaintiff's former attorneys, Epstein & Greebel, appeal from an order of the Supreme Court, Suffolk County (Abrams, J.), dated October 2, 1987, which, *inter alia,* denied their motion to impose and enforce a charging or retaining lien and directed the plaintiff to pay them a further counsel fee of only $3,500.

Ordered that the order is affirmed, without costs or disbursements.

In this matrimonial action, the appellant—the plaintiff's former attorneys—moved for an order fixing the value of their services on a quantum meruit basis and enforcing a retaining lien on their client's papers or imposing a charging lien on any equitable distribution award or counsel fee award granted to the plaintiff upon resolution of the action. The appellant's compensation claim is predicated upon the unpaid balance of fees due them for services rendered prior to their dismissal without cause. The appellant alleges that as a result of their services, a stipulation of settlement was effected, whereby the defendant would purchase the plaintiff's 50% equitable interest in the parties' condominium for the sum of $70,000. The condominium, which was owned by the plaintiff and the defendant as tenants by the entirety, was the only significant marital asset.

This relatively simple, albeit contested, matrimonial action involved no issues of custody or visitation. Before the court could sign the proposed divorce judgment, which incorporated but did not merge the terms of the stipulation of settlement, the defendant died. At the time of the instant motion to fix attorney's fees, the court had granted the motion by the executor of the decedent's estate for an order providing that the proposed divorce judgment be signed, nunc pro tunc, as of October 27, 1986. The divorce judgment does not provide for any counsel fee award.

The fee sought by the appellant amounts to $17,496, repre-

senting $26,408 in accumulated billings less $8,912 in payments made by the plaintiff. The plaintiff and the appellant stipulated that the question of the reasonable value of the legal services would be decided on the papers submitted to the court rather than have a hearing conducted on that issue. In disposing of the motion, the court concluded that the reasonable value of the discharged attorney's services, including disbursements, amounted to $12,412. The court directed the plaintiff to pay a further counsel fee of $3,500, representing the balance of compensation due the appellant, and denied the appellant's application to secure the payment with a retaining lien or charging lien.

Since the court determined that the appellant was not entitled to the enforcement of a retaining lien on the plaintiff's file or the imposition of a charging lien on any proceeds to be received by the plaintiff upon resolution of the action, the appellant contends, for the first time on appeal, that the court was without authority to summarily determine the value of their services in the context of the instant motion. We disagree.

A client has an absolute right to discharge an attorney at any time. If the discharge is without cause before the completion of services, then the amount of the attorney's compensation must be determined on a quantum meruit basis *(see, Teichner v W & J Holsteins,* 64 NY2d 977, 979; *Ventola v Ventola,* 112 AD2d 291, 292; *Shelbourne Garage v Licht,* 34 AD2d 563).* Additionally, an attorney's rendition of services and expenditure of disbursements on behalf of a client entitles him to a common-law retaining lien on the client's file. A retaining lien remains in force until the client's account is paid in full and is dependent only upon the attorney's continued possession of papers irrespective of the outcome of the litigation involved *(Steves v Serlin,* 125 AD2d 780, 781). Consequently, "where a client requests that papers in the possession of his former attorney be returned to him, and the attorney asserts a claim for compensation for services rendered, the attorney is entitled to a determination fixing the value of his services, and the amount so fixed must be paid or otherwise secured to the attorney before any such turnover may be enforced" *(Rosen v Rosen,* 97 AD2d 837; *Ventola v Ventola, supra,* at 292). Whether the fee so fixed shall be presently payable or secured by a lien on the cause of action rests in the sound discretion of the court *(see, Shelbourne Garage v Licht, supra).* In contrast, when the assistance of the court is not requested to compel the turnover of papers, as here, we have

held that the discharged attorney is relegated to commencing a plenary action to recover the reasonable value of his services *(see, Shatzkin v Shahmoon,* 19 AD2d 658; *see also, White v White,* 107 Misc 2d 551). In this case, however, the appellant and the plaintiff consented to the court summarily determining the reasonable value of the appellant's services in this matrimonial action, cognizant that the plaintiff° had never asked the appellant to return her papers or requested the aid of the court to compel the turnover of her file. This is not a case where the court lacked subject matter jurisdiction to determine the value of the legal services on a quantum meruit basis. Moreover, the court has traditional authority to regulate the charging of fees for legal services under its inherent and statutory power to regulate the practice of law *(Matter of First Natl. Bank v Brower,* 42 NY2d 471, 474; *Gair v Peck,* 6 NY2d 97, *appeal dismissed and cert denied* 361 US 374; *Reisch & Klar v Sadofsky,* 78 AD2d 517, 518) and it has wider discretion in the control of matrimonial actions due to the social implications and public interest in such suits *(see, Reisch & Klar v Sadofsky, supra).* Having charted their own course, the parties have waived any challenge on appeal to the court's authority to summarily determine the reasonable value of the services rendered in this matrimonial action.

It is noteworthy that "[a]n attorney with a [retaining] lien on a file which no one wants is like a garage mechanic with an abandoned junk car in his possession" *(see, White v White, supra,* at 554). Since the plaintiff never requested the turnover of her file, the court did not abuse its discretion in declining to enforce the appellant's common-law retaining lien. Nor was it an improvident exercise of discretion, under the circumstances of this case, to make the attorney compensation award immediately payable rather than securing payment by imposing a charging lien on any equitable distribution award or counsel fee award granted to the plaintiff upon resolution of this matrimonial action *(cf., Rosen v Rosen, supra; Ventola v Ventola, supra).*

A charging lien, codified in Judiciary Law § 475, is based upon the equitable doctrine that an attorney should be paid out of the proceeds of the judgment procured by him and the lien exists independent of possession of the file *(see, Matter of Desmond v Socha,* 38 AD2d 22, 24, *affd* 31 NY2d 687; *White v White, supra).* A charging lien does not attach to an award of alimony and maintenance *(see, Rosen v Rosen, supra; Turner v Woolworth,* 221 NY 425). Moreover, where the attorney's services do not create any proceeds, but consist solely of

defending a title or interest already held by the client, there is no lien on that title or interest *(see, Matter of Desmond v Socha, supra,* at 24). Here, the equitable distribution settlement merely permitted the plaintiff to retain her one-half interest in the condominium that she held as a tenant by the entirety. Although the nature of the property was converted from realty into dollars, her interest remained the same. Thus, no equitable distribution fund to which a charging lien can attach was created by the efforts of the discharged attorney *(see, Matter of Desmond v Socha, supra; Matter of Golden v Whittemore,* 125 AD2d 942). While Judiciary Law § 475 does not preclude the enforcement of such a lien on an award of counsel fees to either the client or to subsequent counsel in the matrimonial action, here, there would be no such award as evidenced by the absence of such a provision in the proposed judgment of divorce. Accordingly, the court properly declined to impose a charging lien on any proceeds to be received by the plaintiff upon resolution of the action.

Finally, upon the facts of this case, we find no basis to disturb the court's exercise of its discretion in fixing the fair and reasonable value of the appellants' services, including disbursements, at the aggregate sum of $12,412. In determining the reasonableness of the appellant's compensation claim for services rendered, the court took into account all relevant factors *(see, Matter of Freeman,* 34 NY2d 1; *Matter of Potts,* 213 App Div 59, 62, *affd* 241 NY 593; *Matter of Peerless Sales Corp.,* 104 AD2d 892, *lv denied* 64 NY2d 605; *Kyle v Kyle,* 94 AD2d 866, 867, *lv denied* 60 NY2d 557). The award was appropriate, particularly in view of the results obtained, the time required for the work performed, the simplicity of the case, and the limited financial resources of the matrimonial litigants. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.