■ JAMES MONTELEON, Respondent, v JOANN MONTELEON, Respondent, and ANTHONY J. PIRROTTI, Nonparty Appellant.— In an action for a divorce and ancillary relief, Anthony J. Pirrotti, the former attorney for the defendant wife appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered January 13, 1989, as, after a hearing, denied his motion, *inter alia,* to set aside a stipulation of settlement of the action and for an award of attorney's fees and for a hearing and determination as to attorney's fees owed to him in quantum meruit.

Ordered that the order is affirmed insofar as appealed from, with costs to the defendant-respondent.

The Supreme Court properly denied the nonparty appellant's motion to set aside the stipulation of settlement entered into between the parties. Prior to entering into the stipulation, the nonparty appellant informed the defendant wife by letter dated May 2, 1988, that he was going to request the court to relieve him as counsel. Then, on May 13, 1988, several days before entering into the stipulation, the defendant wife unequivocally stated to the Family Court, Westchester County (Barone, J.), in a related proceeding, that she no longer wanted Mr. Pirrotti to represent her. Thus, the nonparty appellant lacks standing to question the actions taken by the parties in settling their dispute, and there is no reason to set aside the settlement, which the parties entered into freely *(see, Pemberton v Dolphin Dev. Corp.,* 134 AD2d 23, 25-26; *cf., Moustakas v Bouloukos,* 112 AD2d 981, 982-984).

We also find that the court properly denied that branch of the nonparty appellant's motion which was for an immediate hearing and determination as to the fees owed to him in quantum meruit for his representation of the defendant wife *(see, Theroux v Theroux,* 145 AD2d 625, 626-627; *Shatzkin v Shahmoon,* 19 AD2d 658, 659). Ordinarily, an attorney who is discharged without cause is entitled to a hearing to determine the amount of attorney's fees when the client needs the files in the attorney's possession to continue with an action *(see, Teichner v W & J Holsteins,* 64 NY2d 977, 979; *Ventola v Ventola,* 112 AD2d 291, 292; *Rosen v Rosen,* 97 AD2d 837, 838). However, here the client does not need any of the files

held by the discharged attorney, because the parties here settled their dispute. Thus, "the discharged attorney is relegated to commencing a plenary action to recover the reasonable value of his services" *(Theroux v Theroux, supra,* at 626-627; *see, Shatzkin v Shahmoon, supra).* Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.