■ KELLEY DRYE & WARREN, Respondent-Appellant, v ABRAHAM BARAN et al., Appellants-Respondents.—Judgment, Supreme Court, New York County (Walter M. Schackman, J.), entered May 3, 1989, which granted judgment in favor of plaintiff against defendants in the total sum of $294,962.53, unanimously affirmed, without costs.

This action was commenced by the plaintiff law firm to obtain legal fees for services rendered to defendants in connection with a matter captioned *Korf v Baran.* The Kings County action involved a dispute between two business partners in which the plaintiff Gedele Korf sought damages in excess of $2 million based upon, *inter alia,* defendant Baran's diversion of a business opportunity, breach of fiduciary duty and diversion of profits. That matter was settled for an undisclosed amount, early in the trial thereof, shortly after the plaintiff herein successfully moved to withdraw as counsel for defendant Baran and the related business entities, based upon nonpayment of fees and disagreements over the defense of that suit.

Plaintiff's representation of defendants began in 1981 and ended in January of 1985. Over the course of the litigation, over 22 motions were made, 8 to 10 of which were made by plaintiff Gedele Korf. Forty-one separate bills were sent to defendant by the plaintiff law firm. Although defendant Baran paid plaintiff some $238,000 in fees prior to the commencement of this action, plaintiff sought recovery of an additional $250,000 on the theory of an account stated (i.e., the remaining unpaid bills). However, it was awarded $215,000, plus interest, by the court on its cause of action for recovery in quantum meruit. Defendant interposed certain counterclaims

alleging malpractice which the court below considered affirmative defenses and dismissed at the end of trial.

Given that plaintiff's cause of action for an account stated was based on numerous discrete bills (to which payments were applied on a "first in first out" basis) which were all submitted in connection with one litigation to which there were objections, it cannot be said that an account was "balanced", rendered and assented to. Therefore, the court properly dismissed the cause of action for an account stated and awarded damages in quantum meruit *(cf., Fink, Weinberger, Fredman, Berman & Lowell v Petrides,* 80 AD2d 781, *appeal dismissed* 53 NY2d 1028; *Parker Chapin Flattau & Klimpl v Daelen Corp.,* 59 AD2d 375, 377). The court also properly dismissed the malpractice claims as counterclaims as there was insufficient proof adduced at trial to support many of those claims which, in large part, were lacking in merit.

While the trial court raised questions of the adequacy of plaintiff's representation, its award of $215,000 is justified. There was ample evidence in the form of time vouchers and the plaintiff's litigation files to support the award. Moreover, the court's conclusions that much of the delay and extra cost was occasioned by defendant's own conduct and that the plaintiff acted in defendant's best interest is based upon its crediting of plaintiff's witnesses, whose demeanor on the witness stand the court, as trier of fact, observed. In short, the trial court properly applied the standards enunciated in *Matter of Peerless Sales Corp.* (104 AD2d 892, 893, *lv denied* 64 NY2d 605). Concur—Sullivan, J. P., Carro, Rosenberger and Asch, JJ.