■ JAMES E. PETERSON et al., Appellants, v IBJ SCHRODER BANK & TRUST CO., Formerly J. HENRY SCHRODER BANK AND

TRUST COMPANY, Respondent.—Order, Supreme Court, New York County (Diane A. Lebedeff, J.) entered October 10, 1990 which granted defendant's motion pursuant to CPLR 3212 (e) for partial summary judgment dismissing the plaintiffs' claims based upon invoices dated prior to September 7, 1983, unanimously affirmed, with costs.

This is an action to recover payment for computer services allegedly rendered by the plaintiffs' predecessor in interest, Hanover Data Systems, to the defendant bank. The plaintiffs seek payment based upon some 30 invoices sent by Hanover to the defendant bank between May 12, 1983 and February 8, 1984. Plaintiffs commenced this action by service of a "Summons with Notice" upon the defendant on July 27, 1989. On September 7, 1989 the plaintiffs served a virtually identical summons on the defendant bank along with a complaint. The causes of action asserted in the complaint were based upon an account stated, and breach of contract. Plaintiffs served an amended complaint, as of right, on September 25, 1989. The defendant served its answer on November 6, 1989 and raised, *inter alia,* the affirmative defense that certain of the claims advanced by the plaintiffs were barred by the applicable six year Statute of Limitations.

The Court properly determined that the summons served July 27, 1989 was jurisdictionally defective because it did not contain a description of the nature or basis of the action and was not otherwise accompanied by a complaint *(Parker v Mack,* 61 NY2d 114). Thus, the action was not validly commenced until the service of the summons with the complaint on September 7, 1989. The defendant's answer to that pleading effectively raised the Statute of Limitations defense.

Plaintiffs' contention that the invoices somehow evidenced a mutual, open and current account was properly dismissed by the IAS court. The discrete invoices did not evidence a mutually agreed upon balanced account. *(See, Kelley Drye & Warren v Baran,* 163 AD2d 205.) "The mere rendering of an account does not make it a stated one, but where an account is rendered showing a balance, the party receiving it must, within a reasonable time, examine it and object, if he disputes its correctness. If he omits to do so, he will be deemed by his silence to have acquiesced, and will be bound by it as an account stated, unless fraud, mistake or other equitable considerations are shown. Whether on a given state of facts the transaction amounts to an account, is a question of law and not of fact. *(Lockwood* v. *Thorne,* 11 N. Y. 170; *Bailey* v.

*Robinson Mfg. Co.,* 60 N. Y. S. 2d 225, affd. 270 App. Div. 986.)" *(Steingart Assocs. v Sandler,* 28 AD2d 801, 803.)

Plaintiffs' contention that a question of fact exists with respect to whether there was an account stated is meritless, since the question is one of law and not one of fact. Moreover, review of the correspondence between the parties evidences that a dispute as to the invoices in fact existed. Indeed, all that is needed is reference to the March 8, 1984 letter from Mr. Mott, Vice President of the defendant Bank, to Mr. Peterson sent in response to Peterson's letter requesting payment of the outstanding invoices. Therein Mr. Mott states, "[w]e have since discovered that many of your invoices included items which we have no understanding of the service indicated and no agreement to the fee charged". Since as a matter of law the invoices do not evidence an account stated, plaintiffs' claims based on invoices dated prior to September 7, 1983 were properly dismissed as time barred. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.