■ SAGEGROUPASSOCIATES, INC., Appellant, v DOMINION TEXTILE (USA), INC., et al., Respondents. [665 NYS2d 407] —Or-

der, Supreme Court, New York County (Elliott Wilk, J.), entered February 10, 1997, which denied plaintiff broker's motion for summary judgment on its causes of action for breach of contract, quantum meruit, unjust enrichment, and account stated against defendant prospective sublessor, and on its cause of action for tortious interference with contract against defendant landlord, and granted defendants' cross motions for summary judgment dismissing plaintiff's complaint in its entirety, unanimously modified, on the law, to reinstate the broker's cause of action for breach of contract against the prospective sublessor, and otherwise affirmed, without costs.

The IAS Court held that the landlord's refusal to consent to the proposed sublease rendered the prospective sublessor unable to sublease the premises, and that a necessary element to the broker's right to a commission was therefore not satisfied. This was incorrect. The "able" prong of the ready, willing and able test referred to the prospective sublessee's financial ability (*see*, *Rusciano Realty Servs. v Griffler*, 62 NY2d 696), and its satisfaction was not contingent upon procurement of the landlord's consent (*see*, *Hecht v Meller*, 23 NY2d 301, 305). Although the broker established that it produced a prospective sublessee ready, willing and able to sublet on the terms set by the prospective sublessor, the parties' disagreement as to the terms of their oral agreement raise triable issues of fact precluding summary judgment in favor of either party on plaintiff's breach of contract claim, and we therefore modify only to reinstate such claim. In other respects, the order was correct. The broker's quantum meruit, unjust enrichment and account stated causes of action against the prospective sublessor were properly dismissed, there being an express contract governing the broker's right to a commission (*see*, *Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388-389; *Bauman Assocs. v H & M Intl. Transp.*, 171 AD2d 479, 485), and the prospective sublessor having expressly rejected, by responding letter, the broker's claim to a commission (*see*, *Peterson v IBJ Schroder Bank & Trust Co.*, 172 AD2d 165). The broker's cause of action against the landlord for tortious interference with contract was properly dismissed on the ground that the broker was neither a party to nor an intended beneficiary of the sublease rejected by the landlord (*cf.*, *Artwear, Inc. v Hughes*, 202 AD2d 76, 85-86), and therefore lacks standing to assert such claim regardless of whether the landlord knew of its brokerage agreement with the prospective sublessor (*Maruki, Inc. v Lefrak Fifth Ave. Corp.*, 161 AD2d 264, 268, citing *Williamson, Picket, Gross v 400 Park Ave. Co.*, 63 AD2d 880, *affd* 47 NY2d 769). We have considered plaintiff's

other arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Rubin and Tom, JJ.