■ ARTHUR L. FRIED et al., Respondents, v DAVID BERRY REALTY et al., Appellants. [792 NYS2d 630]—

In an action, inter alia, for a judgment declaring that no commissions were owed to the defendants pursuant to a real estate brokerage agreement, the defendants appeal from a judgment of the Supreme Court, Dutchess County (Pagones, J.), dated August 19, 2003, which, upon the granting of the plaintiffs' motion for summary judgment, declared that no commissions were owed to the defendants, dismissed the defendants' counterclaims, vacated a mechanic's lien filed on January 25, 2002, against the plaintiffs' property, and directed the Dutchess County Clerk to discharge a notice of pendency dated March 6, 2002, filed against the property and the mechanic's lien.

Ordered that the judgment is reversed, on the law, the motion is denied, and the counterclaims are reinstated; and it is further,

Ordered that the Dutchess County Clerk is directed to reinstate the notice of pendency dated March 6, 2002, and the mechanic's lien filed on January 25, 2002, against the subject property; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiffs entered into an exclusive brokerage agreement (hereinafter the brokerage agreement) with the defendants to find a tenant for an unspecified portion of the subject building (hereinafter the building). The brokerage agreement was effective from October 25, 2000, through April 25, 2001, and provided, in relevant part, that the defendants' commission would be earned "when there is a meeting of the minds and a tenant ready, willing and able to lease on the owners [*sic*] terms

during the period of this agreement or six (6) months from the expiration of this agreement, if a rental is made during this protection period to anyone who was shown the property during the term of this Agreement or any extension thereof."

Prior to entering into the brokerage agreement, the plaintiffs, who owned the building, had leased a 12,000 square-foot area to St. Francis Hospital (hereinafter St. Francis) pursuant to a lease which, according to the defendants, was set to expire in December 2002. Another 8,500 square-foot area of the building remained vacant. The parties sharply disputed whether the brokerage agreement contemplated that the defendant would find a tenant for the entire 20,500 square-foot area or only for the 8,500 square-foot vacant space.

The defendant David Berry alleged that throughout the term of the brokerage agreement, he negotiated at length with St. Francis, culminating in an agreement (hereinafter the proposed lease), in June or July 2001, for St. Francis to rent the entire 20,500 square-foot area for a term of 10 years. On July 5, 2001, the defendants sent the plaintiffs an invoice for the commissions due in the amount of $109,275. The defendants alleged that the plaintiffs' son, Christopher Fried, asked them whether they would accept payment of the commission over a period of 10 years and, when the defendants refused, the plaintiffs failed to execute the proposed lease, which allegedly was already signed by St. Francis. Rather, the plaintiffs drafted a different lease (hereinafter the new lease) covering only the 8,500 square-foot area, the terms of which were substantially similar to those of the proposed lease, except for the description of the premises, the associated rental amount, and a provision stating that the new lease would commence "on receipt of Operating Certificates from the New York State Department of Health . . . and New York State Office of Mental Health." The new lease was executed by the plaintiffs and St. Francis on January 25, 2002. Nearly one year later, in December 2002, St. Francis learned that the New York State Office of Mental Health (hereinafter the NYSOMH) denied its application to move into the new premises.

On the foregoing facts, the Supreme Court determined, as a matter of law, that St. Francis was never "able" to enter into the new lease because it failed to obtain the approval of the NYSOMH, and therefore, no commission was owed under the brokerage agreement. We disagree and reverse.

Pursuant to the brokerage agreement, the defendants' commission was to be earned "when there is a meeting of the minds" and when there was a tenant "ready, willing and able"

to lease on the plaintiffs' terms. There was nothing in the record to indicate that approval by the NYSOMH was a "term" imposed by the plaintiffs. Under these circumstances, the defendants raised triable issues of fact as to whether their commission was earned (*see SageGroupAssoc., Inc. v Dominion Textile [USA],* 244 AD2d 281 [1997]), and as to whether the brokerage agreement contemplated finding a tenant for the entire 20,500 square-foot area or only the 8,500 square-foot vacant space. Accordingly, the plaintiffs' motion should have been denied.

The defendants' remaining contention is without merit. Schmidt, J.P., Goldstein, Crane and Fisher, JJ., concur.