Capital Bus. Credit LLC v Tailgate Clothing Co., Corp. (2019 NY Slip Op 04295)





Capital Bus. Credit LLC v Tailgate Clothing Co., Corp.


2019 NY Slip Op 04295


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Sweeny, J.P., Renwick, Manzanet-Daniels, Tom, Oing, JJ.


9502 655171/16

[*1]Capital Business Credit LLC, Plaintiff-Appellant-Respondent,
v
Tailgate Clothing Company, Corp., Defendant-Respondent-Appellant.


Hahn & Hessen, LLP, New York (John P. Amato of counsel), for appellant-respondent.
Chipman Brown Cicero & Cole, LLP, New York (Adam D. Cole of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about July 25, 2018, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion to dismiss defendant's equitable recoupment affirmative defense and for summary judgment on the account stated claim, and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Plaintiff purchased the accounts receivable of nonparty Rio Asset (Asset), the assignee of nonparty Rio Garment (Garment), which manufactured clothing under an agreement with defendant, a supplier to retailers under a licensing agreement with nonparty College Licensing Company (CLC). Defendant then paid plaintiff for 33 invoices, leaving an additional 12 outstanding. After Garment closed its factory in Honduras without paying the workers severance pay, contrary to Honduran law, defendant paid a sum of money to the Worker Rights Consortium (WRC) for severance for the workers. Plaintiff seeks damages related to the 12 unpaid invoices. Defendant claims that it is entitled to a credit for the amount it paid to WRC, pursuant to the doctrine of equitable recoupment.
Summary judgment on the account stated claim is precluded by an issue of fact as to the timeliness of defendant's objection to the unpaid invoices (see Peterson v Schroder Bank & Trust Co., 172 AD2d 165 [1st Dept 1991]). It is undisputed that Garment did not violate its manufacturing agreement with defendant until August 2016, when it terminated the workers in Honduras. Thus, defendant had no grounds for objecting to the invoices and/or purchase orders until that time. Moreover, plaintiff conceded that 8 of the 12 invoices for which it seeks payment were not yet due at the time of Garment's alleged breach.
The equitable recoupment defense was correctly sustained, as it is based on the same transactions that were subject to defendant's licensing agreement with CLC and its manufacturing agreement with Garment, which required compliance with Honduran law (see CPLR 203[d]; 182 Franklin St. Holding Corp. v Franklin Pierrepont Assoc., 217 AD2d 508, 509 [1st Dept 1995]; see UCC 9-404[a], [b]). While Asset (Garment's assignee) was not a party to those agreements, as the motion court observed, the transactions could not have occurred without the agreements and CLC's consent to permit Garment to manufacture the licensed goods, based on Garment's commitment to comply with the local law (see James Talcott, Inc. v Winco Sales Corp., 14 NY2d 227, 233 [1964]). Whether the parties intended to treat the licensing agreement, the manufacturing agreement and the distribution agreement as mutually dependent contracts, "the breach of one undoing the obligations under the other[s]," is a question of fact (see Rudman v Cowles Communications, 30 NY2d 1, 13 [1972]).
Plaintiff contends that defendant waived and should be estopped to assert a recoupment defense based on its course of conduct of accepting and paying invoices that showed Asset as the seller. However, the invoices that were paid by defendant were on Garment's letterhead, and defendant was not bound by the characterization of Asset as the seller in the distribution [*2]agreement between Garment and Asset (see Anonymous v Anonymous, 150 AD3d 91, 94 [1st Dept 2017]).
It is unclear from the record whether the four purchase orders submitted by defendant in support of its motion reflect all the items listed on the 12 invoices. For that reason and because of the above-discussed issues of fact as to the equitable recoupment defense, summary judgment in defendant's favor was correctly denied.
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK