## OAKESHOTT v. SMITH et al.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

1. APPEAL—PRESUMPTIONS—TRUTH OF FACTS AND ALLEGATIONS.

On appeal from a dismissal upon the complaint and opening of plaintiff's counsel, the facts alleged in the complaint and stated in the opening, together with every inference that can fairly be drawn from them, must be assumed to be true.

**2. EXECUTORS—COMMISSIONS—ACCRUAL OF RIGHT.**

> Under Code Civ. Proc. § 2730, providing that on the settlement of the account of an executor the surrogate must allow to him for his services the commissions therein specified, an executor is not entitled to commissions until the will has been proved, letters testamentary issued, and the account presented to and passed upon by the surrogate.
>
> [Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 2142.]

**3. SAME—RIGHT TO ADMINISTER—SALE BY EXECUTOR.**

> While an executor may renounce his trust, he cannot lawfully sell his right to administer on the estate, and any agreement by which he attempts to do so for a consideration moving to himself is against public policy and unenforceable.

Appeal from Trial Term, New York County.

Action by Benjamin N. Oakeshott against James H. Smith and another. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Tompkins McIlvaine, for appellant.

William B. Hornblower, for respondents.

McLAUGHLIN, J. At the trial, upon the complaint and the opening of plaintiff's counsel the complaint was dismissed, and plaintiff excepted. The appeal challenges the correctness of this ruling, and in determining the question the facts alleged in the complaint and stated in the opening must be assumed to be true, as well as every inference that can fairly be drawn from them. Sheridan v. Jackson, 72 N. Y. 170; Clews v. N. Y. Nat. Banking Ass'n, 105 N. Y. 398, 11 N. E. 814; Scott v. The Mayor, 27 App. Div. 240, 50 N. Y. Supp. 191. The facts thus alleged and stated are, in substance:

That on the 7th of October, 1899, one George Smith, an English subject, and a resident of London, England, died in that city, leaving no issue or relatives nearer than a cousin, the defendant Smith. That he left a last will and testament, in which the plaintiff (also an English subject and a resident of London), the two defendants, and two other persons were named as executors. That he left a large estate, which, under the terms of his will, after the payment of specific bequests amounting to between $600,000 and $700,000, was given to the defendants in this action. That at the time of his death he had personal property and securities deposited in various banks, trust companies, and safe deposit vaults in the city and county of New York, of the value of upwards of $46,000,000. That under the laws of England an executor is not entitled to any fees or compensation for the services performed by him as such—the position being considered an honorary one—but under the laws of the state of New York he is entitled to the fees specified in the statute, and by reason thereof this plaintiff, had the will been probated in this state, and letters testamentary issued to him, and had he qualified and served, would have become entitled to between $400,000 and $500,000. That, notwithstanding the fact that the

plaintiff was an alien, he could, by becoming a resident of this state, have had such will admitted to probate, and thereupon become entitled to letters of administration.   That the defendants did not desire to have said will admitted to probate in the state of New York, to have letters testamentary issued to the plaintiff, either there or in England, or to have him act as executor, and, to accomplish what they desired, they made the following agreement with him:

"Memorandum of Agreement made the thirtieth day of October, One thousand eight hundred and ninety-nine, Between James Henry Smith of The Reform Club Pall Mall London Esquire and George Alexander Cooper of Elgin Scotland Esquire of the one part, and Benjamin Nettleton Oakeshott of West View Richmond Road Kingston on Thames in the County of Surrey Gentleman of the other part, Whereby it is mutually agreed as follows:

"1. The said Benjamin Nettleton Oakeshott shall forthwith renounce all his right and title to the probate both in England and the United States of America of the Will and Codicils of the late George Smith Esquire, member of the Reform Club aforesaid who died on the seventh day of October One thousand eight hundred and ninety-nine and retire from the trusts of the said Will and Codicils.

"2. The said Benjamin Nettleton Oakeshott shall serve and be employed for at least two years from the date hereof by the said James Henry Smith and George Alexander Cooper (whether both or either of them the said James Henry Smith and George Alexander Cooper shall so long live or not) at a salary of Five Hundred pounds a year payable monthly and to commence from the date hereof and all out of pocket expenses to do personally such secretarial and accountants work in London or elsewhere as he shall be required by them to do.

. "3. In spite of such renunciation and retirement as aforesaid the said Benjamin Nettleton Oakeshott shall be entitled to share equally with the other Executors appointed by the said Will and Codicils in all such commission and remuneration as the acting Executors shall be legally entitled to claim and be paid as such acting Executors, of which share the said J. H. Smith and G. A. Cooper shall pay to the sd. B. N. Oakeshott accordingly.

"4. The parties hereto shall execute, sign and do all such deeds, documents and things as Mr. Joseph C. Priestly shall decide are necessary for the carrying out of and giving effect to this agreement and shall himself settle.

"As witness the hands of the parties the day and year first above written.
                                        "Jas. H. Smith.
                                        "George A. Cooper."

The plaintiff thereupon renounced all right to the probate of said will, and retired from the trusts thereof, and in all respects performed said agreement upon his part.   That said will was not probated in the state of New York, but was admitted to probate in England, and letters testamentary issued to the defendants, by virtue of which they obtained possession of the testator's property located in this state.   That plaintiff has demanded that the defendants perform the agreement upon their part as to the commissions referred to therein (no claim being made but what they have done so as to the salary and expenses), which has been refused. That he has also demanded that said will be presented by them for probate in the state of New York, to the end that the commissions of the executors may be established by the surrogate's Court, and this also has been refused.

Upon the foregoing facts, we are of the opinion that the complaint was properly dismissed.   The action is at law, and plaintiff predicates his right to recover upon the agreement, the provision of

which is that he "shall be entitled to share equally with the other Executors appointed * * * in all such commission and remuneration as the acting Executors shall be legally entitled to claim and be paid as such." Defendants are not entitled to commissions in England, and they never have become legally entitled to claim or be paid the same in the state of New York. In this state an executor does not become entitled to claim or be paid commissions until the will has been proved, letters testamentary issued, and his account presented to and passed upon by the surrogate. The provision of the statute with relation to commissions of an executor is section 2730 of the Code of Civil Procedure, which provides that "on the settlement of the account of an executor or administrator, the surrogate must allow to him for his services, and if there be more than one, apportion among them according to the services rendered by them respectively" the commissions therein specified. The right to commissions depends upon the rendition of the service and the settlement of the account. Until these two things have taken place, commissions have not been earned, and an executor is not legally entitled to them. Matter of Worthington, 141 N. Y. 9, 35 N. E. 929, 23 L. R. A. 97. Here the defendants, according to the allegations of the complaint and the facts stated in the opening, have never presented the will for probate in this state, and by reason thereof have never become entitled to letters testamentary, and could not render an account of their acts as executors. Therefore they never have become entitled, under the laws of this state, to claim or be paid any fees as executors, and there is in this respect no breach of the agreement.

But we do not care to place our decision upon this ground alone. The complaint was also properly dismissed because the agreement as to commissions is void as against public policy. The plaintiff could no more, for a consideration, dispose of his right to act as executor, than a public officer could the right to exercise the functions of his office. It has many times been held that the assignment by a public officer of his fees or salary, before earned, is void as against public policy. Bowery Nat. Bank v. Wilson, 122 N. Y. 478, 25 N. E. 855, 9 L. R. A. 706, 19 Am. St. Rep. 507; Taft v. Marsily, 120 N. Y. 474, 24 N. E. 926; Lawrence v. Townsend, 88 N. Y. 24; Bliss v. Lawrence, 58 N. Y. 442, 17 Am. Rep. 273. An executor is named in a will because the person making it has confidence in his integrity; and when the will has been admitted to probate, and letters testamentary issued, the position which prior to the death of the testator was one of confidence has become one of trust. The person is not obliged to act as executor. He can renounce his right, but he cannot sell it; and, if he attempts to do so, any agreement for that purpose which has for its object the payment of a consideration cannot be enforced. Proper respect for the wishes of the dead, as well as the due administration of justice, prohibits one from enriching his own pocket in this way.

In Matter of Worthington, supra, it was held that an agreement to dispose of commissions until they had been actually ascertained and fixed by the surrogate was void as against public policy, in-

asmuch as it diminished the incentive to diligence and zeal in the administration of the trust. If the commissions of an executor, which have been partially earned, cannot be assigned until they have been actually ascertained and fixed by the surrogate, much less, then, can an agreement not to perform any service at all, for a consideration, be enforced.

But we do not understand that this question is an open one in this state. In Staunton v. Parker, 19 Hun, 55, it was held that an agreement to renounce the office of executor for a consideration was void as against public policy. It is true, the agreement there was made prior to the death of the testator, but that is immaterial. The principle to be applied is the same, which is that a person who is named as executor in a will cannot dispose of that position for a consideration. The words of the surrogate, used in refusing to give effect to the agreement in that case, are quite pertinent to the present one. He said:

"If agreements of this nature are to be enforced, then testators may well doubt not only who will carry out their wills, but whether they will be carried out at all;  *  *  *  and, if the will may be varied by agreement in the lifetime of the testator in a minor respect,  *  *  *  it may be varied in an important one in the next, and the door would be thrown open to fraud and corruption on the part of designing men and intriguing descendants, and to imposition on confiding testators."

A similar view has been entertained of agreements of this character in other courts. Owings' Ex'rs v. Owings, 1 Har. & G. 484; Bowers v. Bowers, 26 Pa. 74, 67 Am. Dec. 398; Ellicott v. Chamberlin, 38 N. J. Eq. 604, 48 Am. Rep. 327; Porter v. Jones, 52 Mo. 399; Currier v. Clark (Colo. App.) 75 Pac. 927.

It follows that the judgment appealed from must be affirmed, with costs. All concur.