In the Matter of the Estate of ARMENIA M. MILLER, Deceased.

Surrogate's Court, Westchester County, December 26, 1940.

*Crescens Hubbard,* for Kenneth S. Miller, as one of the trustees, etc., petitioner.

*John P. Powers,* special guardian.

MILLARD, S.   This application is made by one of the trustees under the will of this decedent for instructions with respect to the payment for repairs and improvements made to real property, one of the assets in the trust hereinafter referred to.   The petitioner is also the sole executor.   Testatrix died on April 10, 1940, leaving a will under the terms of which she creates a trust consisting of her entire residuary estate and directs that the net income therefrom be paid to her son, George S. Miller, during his lifetime with the remainder over to her surviving grandchildren.   The petitioner and the Peoples National Bank and Trust Company of White Plains, N. Y., are named as trustees of this trust.   At the time of her death decedent was the owner of a parcel of real property situated at Ossining, N. Y., improved with a one-family dwelling about fifty years old, which she and her son, the beneficiary under the trust, occupied as a residence.   At the date of death the property was and still is incumbered by a mortgage in the principal sum of $1,500.   Pursuant to the provisions of the will, title to this real property vested in the trustees therein named.   It appears from the petition that the gross estate will not exceed $18,000.

The evidence is that during the month of June, 1940, the *cestui que trust,* of his own initiative and without the consent of the executor or trustees, entered into a contract for the renovation of the

Ossining residence at a cost of $2,000 and expended a further sum of $175 in repairing the heating plant. The renovations thus contracted for are extensive and virtually amount to a remodeling of the dwelling, the appraised value of which is said to be $5,500. The beneficiary has paid on account of the contract price the sum of $1,050, leaving a balance due the contractor of $950. Petitioner now seeks instructions with respect to whether the trustees should pay the balance due the contractor and reimburse the beneficiary out of principal for the moneys heretofore advanced by him.

The proof shows that the renovations can be classified as both repairs and permanent improvements. As to the former, it is well settled that " capital of a trust fund should not be impaired by carrying charges unless the intent of the donor may clearly be inferred." (*Matter of Jackson,* 258 N. Y. 281, 288.) In *Matter of Albertson* (113 N Y. 434, 439) the court stated: " The usual purpose of the testator in providing for a beneficial interest in a trust estate is, that the net income shall be applicable only, and that the *corpus,* or capital, of the trust estate shall remain intact until the trust shall have determined. The principle has been so long and firmly established that interest on mortgages, taxes, repairs and all those current expenses, which are fairly incidental to the maintenance of the realty used by a life tenant, are payable by him, that it should be adhered to upon all occasions, unless, in so doing, we violate a plain direction to the contrary; which, if not found in the will in so many words, yet is the only one which a fair and reasonable construction permits of our finding." In the case at bar the will is wholly silent as to the payment of such charges. It follows, therefore, that as to such items of the contract that are repairs the application must be denied.

As for the remaining portion of the work which can be deemed permanent improvements, as distinguished from ordinary repairs, there is ample authority to justify charging the cost thereof to principal. (*Matter of Stevens* v. *Melcher,* 152 N. Y. 551; *Matter of Ardrey,* 232 id. 109; *Matter of Heroy,* 102 Misc. 305.) As owners of these premises and charged with the responsibility of managing the same, the trustees have a dual duty to perform, namely, ' to preserve the building for the benefit of the remainderman and at the same time to produce an income sufficient to render the premises self sustaining and an aid to the beneficiaries." (*Matter of Heroy. supra.*) It is immaterial that in the instant case the beneficiary has chosen to occupy the house and thereby deprive himself of the income that would otherwise be derived from the rental thereof I am satisfied that the condition of the house was such as to make it either untenantable or that the income to be derived from a rental

thereof would have been insufficient to defray the ordinary carrying charges. The trustees were, therefore, faced with the alternative of abandoning the premises or investing some of the other trust funds in making the improvements in question. It is unfortunate, of course, that the beneficiary usurped the functions of the trustees in undertaking to do this work without first consulting them as to the advisability of the same. By making this application, however, at least one of the trustees has thereby ratified the act of the beneficiary and the other has been duly cited and has not opposed. Under all the circumstances I am of the opinion and hold that the trustees had the power under the will to invest a portion of the trust funds in making the following permanent improvements, which I hold were essential to the preservation of the building and beneficial to the remainderman as well as the life tenant: Plumbng, $475; electrical work, $160; flooring, $300; doors, $35, or a total of $970.

The trustees are, therefore, authorized to advance out of principal the sum of $970, such funds to be applied first to payment of the amount owing to the contractor and the balance, if any, to the life tenant on account of the advances made by him.

Settle order accordingly.