## (August 23, 1982)

■ DINORAH AADAL, Respondent, v SUNCHRIS REALTY, INC., et al., Defendants, and ROBERT E. PENN, Appellant. — Appeal by plaintiff's former attorney, as limited by his brief, from so much of an order of the Supreme Court,

Nassau County (Burstein, J.), entered September 11, 1981, as (1) directed him to refund to plaintiff the sum of $1,648 from counsel fees previously paid, and (2) denied his request for counsel fees for services rendered in the Family Court. Order modified, on the law, by deleting the provision directing a refund. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Appellant represented plaintiff with respect to matrimonial and related problems pursuant to a written retainer agreement. After plaintiff reconciled with her husband, she informed appellant that she no longer was in need of his services. She then moved for an order relieving appellant as her attorney of record and compelling him to return her file to her. The court issued an order directing that there be a hearing for the purpose of determining the amount of the attorney's retaining lien, if any. After the hearing, the court entered the order appealed from. We disagree with Special Term that plaintiff is entitled to a refund of counsel fees previously paid in view of the fact that plaintiff never requested such refund. Moreover, the court was in error in that a prior and unappealed order of a Judge of concurrent jurisdiction had limited the issues on the hearing to determining the amount of the attorney's retaining lien. The court, therefore, did not have authority to consider whether to award a refund of fees. We are in agreement with Special Term that appellant is not entitled to compensation from plaintiff for services rendered in connection with the Family Court proceedings. Special Term was correct in determining that the Family Court's refusal to award counsel fees for services rendered in that court stemmed from the Family Court Judge's conclusion that counsel had been sufficiently compensated. Furthermore, since appellant never appealed from the Family Court determination, that determination is binding. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.