OPINION OF THE COURT
Zelda Jonas, J.
The above-entitled matrimonial motion has been pending since 1997. The matter was transferred to this Part, IAS Part *511 35, on January 5, 1999 upon the retirement of the Honorable Joseph Goldstein. The defendant husband had been represented by Suzanne G. Parker, Esq., of Barrocas & Parker until counsel made an application to the court to withdraw as the attorney of record for the defendant husband, Dean Moraitis, pursuant to CPLR 321 (b), upon the ground that the defendant husband had not paid legal fees for services provided in the amount of $12,656.50. Counsel did not request the court to fix the value of a retaining or charging lien in her application.
The defendant husband submitted opposition papers claiming that he had already paid the law firm of Barrocas & Parker approximately $13,000, which amount included the initial retainer of $7,500. Defendant husband however also expressed concern regarding the future zealousness and effectiveness of counsel’s representation in the event his attorney was not permitted to withdraw.
The court issued an order dated March 1, 1999 granting the application of Suzanne G. Parker, Esq., to withdraw as the attorney of record. The order of this court specifically reminded Suzanne G. Parker, Esq., of her mandatory obligation to notify the defendant husband of the right to proceed to fee arbitration involving their fee dispute pursuant to the Matrimonial Rules (Uniform Rules of Chief Administrator of Cts [22 NYCRR] § 136.5).
Counsel has apparently chosen to ignore the advice of this court.
Upon retaining Louis Q. Marett, Esq., defendant husband now seeks an order directing Suzanne G. Parker, Esq., of Barrocas & Parker to relinquish the defendant’s file to Mr. Marett. Suzanne G. Parker, Esq., adamantly opposes the application by asserting a common-law retaining lien or, at the very least, a charging lien on her former client’s file. Ms. Parker’s affirmation states that she notified the defendant by letter to come to her office “to discuss an amicable resolution of our outstanding legal fee in excess of $3,700” (affirmation of Suzanne G. Parker *\\ 3; see, exhibit A).
Counsel has not provided any documentary proof that she gave written notice to the client of his right to elect fee arbitration to resolve the fee dispute and the procedures necessary to implement said right in accordance with the Matrimonial Rules.
Generally, where a client requests that papers in the possession of his former attorney be returned to him, the attorney is entitled to be paid for any outstanding fee or have any disputed *512 sum secured by a posting of adequate security prior to a hearing before the attorney is required to turn over the client’s file. To secure payment for services, the attorney may invoke a common-law retaining lien which attaches to the client’s file (People v Keeffe, 50 NY2d 149; Cohen v Cohen, 183 AD2d 802 [2d Dept 1992]).
However, an attorney who voluntarily withdraws from a case for just cause does not have an absolute right to a retaining lien. It has long been recognized that courts have traditional authority to supervise the charging of fees for professional services under the court’s inherent and statutory power to regulate the practice of law (Hom v Hom, 210 AD2d 296 [2d Dept 1994]). Thus, where a client has made an unrefuted or uncontroverted showing of “exigent circumstances”, such as indigence, the court will relegate the outgoing attorney to a charging lien on any proceeds to be received by the client upon resolution of the action instead of a retaining lien on the file (Judiciary Law § 475; Rosen v Rosen, 97 AD2d 837 [2d Dept 1983]).
The court also has the inherent power to compel an attorney to restore assets, monies, or papers of the client received or retained in violation of the attorney’s professional obligations (Hom v Hom, supra).
The Matrimonial Rules promulgated by the Chief Administrator of the Courts in November 1993 impose an obligation upon counsel to notify the client in writing of a client’s right to elect arbitration to resolve a fee dispute (22 NYCRR 136.5, 1400.7). If the client does not file a request for arbitration within 30 days from the receipt of the notice, the attorney may commence an action to recover the fee, and the client waives the right to arbitration (22 NYCRR 136.5 [b]). The Rules further provide that for all domestic relations matters, “[a] 11 attorneys are required to participate in the arbitration process upon the filing of the request for arbitration by a client in conformance with these rules. An attorney who refuses to submit to the arbitration process shall be referred to the local grievance committee of the Appellate Division for disciplinary action” (22 NYCRR 136.10).
An attorney has an ethical obligation to follow the Matrimonial Rules involving fee arbitration since it is codified in the Code of Professional Responsibility. “In domestic relations matters to which Part 1400 of the joint rules of the Appellate Divisions is applicable, a lawyer shall resolve fee disputes by arbitration at the election of the client” (Code of Professional Responsibility DR 2-106 [E] [22 NYCRR 1200.11 (e)]).
*513 In Julien v Machson (245 AD2d 122), the Appellate Division, First Department, held that the failure of counsel to provide the client with notice of the right to arbitrate a fee dispute precluded the recovery of legal fees. The Court reasoned that the Matrimonial Rules involving actions to recover legal fees for services rendered in a matrimonial action are promulgated to address abuses in the practice of matrimonial law and to protect the public. The failure by counsel to comply with the rules will result in preclusion from recovering such legal fees (supra).
The Matrimonial Rules, however, do not specifically abrogate an attorney’s claim for a retaining or charging lien. Part 1400, which derives from the Report of the Committee to Examine Lawyer Conduct in Matrimonial Matters issued on May 4, 1993, considered retaining and charging liens separate and apart from security interests (Rules of App Div, All Depts [22 NYCRR] part 1400). The Report recommended that outgoing counsel be required to forward the client’s file to the client within 30 days of being discharged or withdrawing. The original rules adopted by the Chief Judge and Administrative Board included, as section 6, the rule mandating the surrender of the file within 30 days. Following a comment period, the proposed express abrogation of the retaining lien was withdrawn and was not included in the version of part 1400 which became effective November 1, 1993. It has been suggested that it was deliberately omitted by the drafters of the rules and, therefore, Matrimonial Rules part 1400 do not abrogate an attorney’s common-law right to a retaining lien by implication. Indeed, two lower courts have held that noncompliance with part 1400 of the Matrimonial Rules will not abrogate the counsel’s common-law retaining lien since the Matrimonial Rules do not specifically state that is the intended result (Mehler v Mehler, NYLJ, Mar. 8, 1999, at 28, col 5; Stellato v Stellato, NYLJ, Jan. 30, 1996, at 29, col 4). Meanwhile, other courts of coordinate jurisdiction have denied counsel’s application for a charging lien for failure to comply with the notice requirements of the Matrimonial Rules for arbitration of fee disputes (22 NYCRR part 1400) as violative of the Code of Professional Responsibility (DR 2-106 [E] [22 NYCRR 1200.11 (e)]; K. E. C. v C. A. C., 173 Misc 2d 592; see also, Philips v Philips, 178 Misc 2d 159).
This court finds that an attorney’s obligation to follow the Matrimonial Rules for fee arbitration is an ethical responsibility of counsel that requires strict adherence before an attorney may assert a common-law retaining lien.
*514 Counsel must inform the client of the right to choose arbitration, and. the client must have the opportunity to exercise that choice. The legislators’ failure to address the common-law retaining lien does not mandate enforcement of asserted retaining liens where counsel fails to comply with the Matrimonial Rules for arbitration of fee disputes. To hold otherwise would render the enacted matrimonial rights illusory since the client will be compelled to pay disputed sums without being appraised of the right to choose arbitration of a fee dispute. Furthermore, the compliance with the notice requirements of the Matrimonial Rules for arbitration of fee disputes has been incorporated into the Code of Professional Responsibility (DR 2-106 [E] [22 NYCRR 1200.11 (e)]), thus placing an ethical obligation upon counsel superior to that of the right to a common-law retaining lien.
Accordingly, where a fee dispute between attorney and client arises, the court finds that an attorney cannot seek to enforce a common-law retaining lien without first complying with the notification of fee arbitration provision of the Matrimonial Rules. When notified, a client must elect whether to proceed to arbitration within 30 days from receipt of the notice in accordance with the Matrimonial Rules. If a client elects to resolve a fee dispute with counsel by arbitration, a hearing must be held within 60 days of receipt by the Administrative Judge of the request for arbitration (22 NYCRR 136.5 [hi). The whole process should take 90 days before the fee dispute is resolved by an arbitration award. During the 90-day period, counsel should be allowed to retain the file until there is an arbitration award. The amount of the retaining lien will be the value of the arbitration award.
On the other hand, if after 30 days from receiving written notice from counsel the client chooses not to proceed to arbitration, then counsel can apply to the court for a hearing to fix the value of the common-law retaining lien or pursue a plenary action.
Thus, the Matrimonial Rules do not abrogate an attorney’s common-law retaining lien but shifts the forum from a court hearing to an arbitration hearing at the election of the client to fix the value of the services performed by counsel.
Where there are “exigent circumstances,” the court still has the inherent authority to direct counsel to turn over the client’s file to the client and direct counsel to proceed to a hearing on the amount of the charging lien on any proceeds to be received by the client upon resolution of the action instead of a retain *515 ing lien on the file (Hom v Hom, 210 AD2d 296, supra; Rosen v Rosen, 97 AD2d 837, supra). In the instant case, exigent circumstances exist for the immediate release of the client’s file. The case is an acrimonious custody dispute that has been pending for over two years. The refusal of counsel to turn over the client’s file will cause prejudice to the opposing party, who is the plaintiff in the matrimonial action, and also to the children, who are placed in the middle of a bitter custody dispute that will continually drag on to their detriment.
Public policy requires resolution of custodial actions as quickly and painlessly as possible in order to lessen any emotional and psychological damage to the children.
Suzanne G. Parker, Esq., former counsel for defendant husband, applied to the court to withdraw as counsel without requesting a retaining lien to be fixed by the court. The defendant submitted his own affirmation in opposition papers disputing the value of the services already performed in return for the monies defendant already paid. At that point, counsel was placed on notice of a fee dispute between counsel and her client and should have served the written notice informing defendant of the availability of arbitration pursuant to the Matrimonial Rules. In addition, the order of the court dated March 1, 1999 reminded counsel of her obligations under the Matrimonial Rules. Instead, counsel ignored the Matrimonial Rules and refused to relinquish the file to defendant’s new counsel. Counsel never notified her client of the right to elect arbitration of the fee dispute. This conduct is unacceptable and clearly a breach of the Code of Professional Responsibility (DR 2-106 [E] [22 NYCRR 1200.11 (e)]; see, Julien v Machson, 245 AD2d 122, supra). This court will not allow counsel to hide behind a silent claim of a common-law right to a retaining lien to the detriment of her client, the opposing party, and the infant issue of the marriage.
Accordingly, the motion by Louis Q. Marett, Esq., on behalf of the defendant, Dean Moraitis, for an order directing the law firm of Barrocas & Parker to turn over the file to counsel is granted. Counsel is to comply with this order immediately or face sanctions by the court.
The request by Suzanne G. Parker, Esq., from Barrocas & Parker for a court hearing to fix a retaining lien is denied for the reasons stated herein.
The request by Suzanne G. Parker, Esq., for a charging lien *516 is denied without prejudice to renew upon proof of compliance with the Matrimonial Rules and the Code of Professional Responsibility regarding the notice to arbitrate.