■ DOROTHY N. MARSHALL, Plaintiff, v GORDON MARSHALL, Appellant. FRANKLIN WEINRIB RUDELL & VASALLO, P. C., Nonparty Respondent. [696 NYS2d 60] —In an action for a divorce and ancillary relief, the defendant husband appeals (1) from an order of the Supreme Court, Westchester County (Nicolai, J.), entered December 15, 1997, which, *inter alia*, granted a charging lien in the amount of $64,753 against him and in favor of his former attorneys Franklin, Weinrib, Rudell & Vassallo, P. C., (2), as limited by his brief, from so much of an order of the same court, entered January 30, 1998, as, upon reargument, adhered to the prior determination, (3) from an order of the same court, entered March 2, 1998, which granted the ap-

plication of Franklin, Weinrib, Rudell & Vassallo, P. C., for leave to enter a money judgment in the sum of $64,753 on the charging lien, (4) from a judgment of the same court, entered March 11, 1998, in favor of Franklin, Weinrib, Rudell & Vassallo, P. C., and against him in the sum of $64,753, and (5), as limited by his brief, from so much of an order of the same court, entered June 18, 1998, as denied his motion, denominated as one to vacate the order entered March 2, 1998, and the judgment entered March 11, 1998, but which was, in reality, one for reargument of the application of Franklin, Weinrib, Rudell & Vassallo, P. C., for leave to enter a money judgment against him on the charging lien.

Ordered that the appeals from the orders entered December 15, 1997, January 30, 1998, and March 2, 1998, are dismissed; and it is further,

Ordered that the appeal from the order entered June 18, 1998, is dismissed, without costs or disbursements; as no appeal lies from an order which denies reargument; and it is further,

Ordered that the judgment entered March 11, 1998, is affirmed; and it is further,

Ordered that the nonparty respondent is awarded one bill of costs.

The appeals from the intermediate orders entered December 15, 1997, January 30, 1998, and March 2, 1998, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment thereon (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The law firm Franklin, Weinrib, Rudell & Vassallo, P. C. (hereinafter FWRV) formerly represented the defendant Gordon Marshall in the instant action for a divorce. The court granted FWRV a charging lien in an amount to be determined at a hearing. At the hearing, FWRV presented proof that bills were sent to the defendant on a monthly basis from June 1996 to March 1997, and that the defendant made a partial payment in July 1996. The defendant, who is an attorney, conceded that he received the bills from FWRV on a regular basis and that he did not communicate with FWRV contesting any part of the bills. The Supreme Court rejected the defendant's contention that, over a nine-month period, he did not review the bills, and awarded FWRV compensation for its services in the amount of $64,753. We find no basis on this record to disturb the Supreme Court's determination as to the amount of the

compensation since the defendant made no complaint at the hearing about the reasonableness thereof.

Whether the compensation fixed by the court should be presently payable, or secured by a lien on any proceeds received by the defendant upon resolution of the matrimonial action, rests in the sound discretion of the court (*see, Hom v Hom,* 210 AD2d 296, 298; *Theroux v Theroux,* 145 AD2d 625, 626). Under the circumstances of this case, it was a provident exercise of discretion to grant FWRV a money judgment. Mangano, P. J., O'Brien, Sullivan and Goldstein, JJ., concur.