■ RIMBERG & ASSOCIATES, P.C., Respondent, v JAMAICA CHAMBER OF COMMERCE, INC., Appellant, et al., Defendant. [837 NYS2d 259]—

In an action, inter alia, to recover damages for breach of contract and on an account stated, the defendant Jamaica Chamber of Commerce, Inc., appeals from an order of the Supreme Court, Queens County (Grays, J.), dated February 23, 2006, which, among other things, denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion in its entirety and substituting therefore provisions granting those branches of the motion which were to dismiss the causes of action to recover damages for breach of contract, to the extent predicated on a special retainer agreement dated June 30, 1999, and on an account stated, based on monthly invoices allegedly sent by the plaintiff pursuant to that agreement and seeking payment of a nonrefundable minimum retainer fee, and otherwise denying the motion; as so modified, the order is affirmed, without costs or disbursements.

The causes of action to recover damages for breach of contract, predicated on a special retainer agreement dated June 30, 1999, and on an account stated, based on monthly invoices allegedly sent by the plaintiff pursuant to that agreement and seeking payment of a nonrefundable minimum retainer fee, should have been dismissed on the ground that the retainer agreement on which they are based, on its face, is void as against New York public policy (*see Matter of Cooperman*, 83 NY2d 465 [1994]; *Hom v Hom*, 210 AD2d 296 [1994]). The invalidity of the retainer agreement, however, does not preclude the plaintiff from seeking recovery in equity for the reasonable value of any legal services rendered after June 30, 1999 (*see Hom v Hom, supra*).

Insofar as the complaint, as amplified by evidentiary facts alleged in the plaintiff's affidavit in opposition to the motion to dismiss (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]), may also be read as seeking recovery for outstanding legal fees for services rendered prior to June 30, 1999, those allegations may not be dismissed for failure to state a cause of action. The scope and validity of the general release allegedly executed by the plaintiff on June 30, 1999, cannot be conclusively determined at this time and must await the development of a proper record (*see Mangini v McClurg*, 24 NY2d 556, 562-563 [1969]; *Cabibi v Lundrigan*, 7 AD3d 556 [2004]; *Haynes v Garez*, 304 AD2d 714 [2003]).

The parties' remaining contentions are without merit. Spolzino, J.P., Florio, Skelos and McCarthy, JJ., concur.