■ In the Matter of Terrance Freeman, Respondent, v New York State Division of Human Rights, Respondent, and Nortel Networks, Inc., Appellant. [858 NYS2d 246]——

In a proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights dated August 7, 2006, which dismissed the petitioner's complaint upon a finding that there was no probable cause to believe that Nortel Networks, Inc., engaged in an unlawful discriminatory practice relating to the petitioner's employment, Nortel Networks, Inc., appeals from an order of the Supreme Court, Suffolk County (Pines, J.), dated February 28, 2007, which denied its motion to dismiss the petition on the ground that the proceeding was barred by a release executed by the petitioner, and remitted the matter to the New York State Division of Human Rights for further proceedings.

Ordered that the order is affirmed, with costs.

The petitioner's complaint with the State Division of Human Rights (hereinafter the SDHR) alleged that he was the victim of a discriminatory employment practice in connection with his discharge from the appellant's employment on the basis of alcoholism. At the time of his discharge, the petitioner signed a release absolving the appellant from liability in connection therewith.

The SDHR found that alcoholism was not a disability within the meaning of the Executive Law and that it did not have jurisdiction to determine the validity of the release executed by the petitioner. The SDHR dismissed the petitioner's complaint before it upon finding a lack of probable cause to believe that the appellant engaged in an unlawful discrimination practice relating to the petitioner's termination of employment. The petitioner then commenced this proceeding to review the SDHR's determination. In opposition to the appellant's motion to dismiss the petition, the SDHR asserted that its determination was erroneous because it did have jurisdiction to determine the validity of the release and alcoholism was recognized as a protected disability.

The validity of the release "cannot be conclusively determined at this time and must await the development" of the record (*Rimberg & Assoc., P.C. v Jamaica Chamber of Commerce, Inc.,* 40 AD3d 1066, 1067 [2007]; *see Lopez v 121 St. Nicholas Ave. H.D.F.C.,* 28 AD3d 429, 430 [2006]). Thus, the Supreme Court properly denied the appellant's motion to dismiss the petition. Moreover, under the circumstances here, the Supreme Court properly found that the SDHR demonstrated good cause to remit this matter to it (*see* 9 NYCRR 465.20 [a] [2]). Rivera, J.P., Skelos, Santucci and Belen, JJ., concur.