■ Ross J. Charap, Respondent, v Beverly A. Willett, Appellant. [925 NYS2d 94]—

In a matrimonial action in which the parties were divorced by judgment dated March 30, 2009, the defendant former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Morgenstern, J.), dated December 21, 2009, as denied those branches of her motion which were to enforce a stipulation of the parties dated May 7, 2007, and to recover unpaid maintenance and child support.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were divorced by judgment dated March 30, 2009. In a related appeal, this Court is affirming the judgment of divorce insofar as appealed from (*see Charap v Willett*, 84 AD3d 1000 [2011] [decided herewith]). As relevant here, the former wife initially contested the divorce action commenced in 2003. After a nonjury trial, the Supreme Court determined that the former husband failed to prove his alleged grounds for divorce. The parties then entered into a custody agreement and the former wife filed an amended answer dated May 7, 2007, containing a counterclaim for a divorce on the ground of cruel and inhuman treatment. The former husband waived his reply and, while neither admitting nor denying the allegations, consented to the former wife obtaining a divorce on that ground. A nonjury trial was held on the financial issues, and a judgment of divorce was issued on March 30, 2009.

By order to show cause dated July 29, 2009, the former wife moved, inter alia, to direct the former husband to comply with a theretofore confidential stipulation between the parties dated May 7, 2007, and to pay back maintenance and child support in the sum of $13,587.61, plus interest. The stipulation was subscribed by the parties and notarized, but, in accordance with its provisions, was kept confidential from the court during the trial on financial issues. In the stipulation, the former husband agreed, inter alia, to pay the former wife $65,000 over and above a future equitable distribution award, and to pay her counsel $10,000. In exchange, the former wife agreed to promptly prepare an amended answer and counterclaim for a divorce alleging cruel and inhuman treatment. As soon as the court placed the matter on its calendar, the parties would proceed to inquest whereby the grounds for a divorce would be finally and irrevocably determined. The Supreme Court denied the former wife's motion, finding the stipulation unenforceable and her claim of entitlement to back maintenance and child support without merit. The former wife appeals, and we affirm.

The May 7, 2007, stipulation is void as against public policy, since it expressly required the former wife to seek dissolution of the marriage and "provides for the procurement of grounds of divorce" (General Obligations Law § 5-311). As the offending provision represents the only consideration provided by the former wife for the agreement, which does not contain a severability provision, the stipulation is void in its entirety (cf. Taft v Taft, 156 AD2d 444 [1989]).

The evidence submitted on the former wife's motion established that she received the full amount of maintenance and child support due for the months of March and April 2009.

We decline the former wife's request to strike the former husband's brief on the appeal and impose sanctions upon him for his alleged failure to personally sign his brief (see 22 NYCRR 130-1.1, 130-1.1a [a]; Cardo v Board of Mgrs., Jefferson Vil. Condo 3, 29 AD3d 930 [2006]). Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.