Memorandum: Plaintiffs, Kenneth Earl Tuper, as cotrustee of the Tuper Living Trust, and the Tuper Living Trust (Trust), commenced this action against defendant, Patricia E Tuper, as cotrustee of the Trust, seeking, inter alia, damages for defendant’s alleged breach of fiduciary duty and breach of contract. The facts of this case are fully set forth in our decision on a prior appeal (Tuper v Tuper, 34 AD3d 1280 [2006]). After a nonjury trial, Supreme Court dismissed the complaint. We affirm.
“ ‘On our review of a verdict after a bench trial, we independently review the weight of the evidence and may grant the judgment warranted by the record’ ” (Charles T. Driscoll Masonry Restoration Co., Inc. v County of Ulster, 40 AD3d 1289, 1291 [2007]; see Blakesley v State of New York, 289 AD2d 979, 979 [2001], lv denied 98 NY2d 605 [2002]). Contrary to plaintiffs’ contention, we conclude upon our independent review of the record that the weight of the evidence supports the court’s *1652 determination that defendant did not breach her fiduciary duty. “The elements of [a breach of fiduciary duty] cause of action are ‘the existence of a fiduciary duty, misconduct by the defendant [ ] and damages that were directly caused by the defendant's] misconduct’ ” (McGuire v Huntress [appeal No. 2], 83 AD3d 1418, 1420 [2011]; see Colello v Colello, 9 AD3d 855, 859 [2004]). Plaintiffs failed to establish that defendant engaged in any misconduct or that there were any damages. Patricia Tuper’s conduct in commencing a divorce action and an action seeking partition of the real property in the Trust were not in violation of her duties as cotrustee because she commenced those actions in her individual capacity, not as cotrustee. In addition, the Trust specifically authorized a cotrustee to seek partition of the property, and defendant did not act in bad faith or in disregard of the purposes of the Trust in doing so, particularly in view of the evidence that Kenneth Tuper removed her name from the Trust accounts and prevented her from accessing them. The court also properly dismissed the breach of contract cause of action inasmuch as it was duplicative of the breach of fiduciary duty cause of action (see Pergament v Roach, 41 AD3d 569, 571 [2007]; see also JMF Consulting Group II, Inc. v Beverage Mktg. USA, Inc., 97 AD3d 540, 542-543 [2012], lv denied 19 NY3d 816 [2012]). Because the court properly dismissed the first two causes of action, there remained no basis for the latter two causes of action, seeking an injunction and an accounting. Thus, those causes of action were properly dismissed as well. Present — Scudder, P.J., Centra, Whalen and Martoche, JJ.