■ ROBERT CHEROFSKY, Individually and as Administrator of the Estates of SAMUEL CHEROFSKY and Another, Deceased, Appellant, v ALAN CHEROFSKY et al., Respondents. [43 NYS3d 521]—

In an action to recover damages based on alleged breaches of oral agreements, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated October 2, 2015, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action involves a dispute between the plaintiff, Robert Cherofsky, individually and as administrator for the estates of his parents, and the defendants, who are his cousins. The plaintiff seeks to recover damages in the amount of $16,000 from each of the defendants based on the defendants' alleged breaches of their oral promises to pay such sums to the plaintiff's father, now deceased, in exchange for renunciation by the plaintiff's father of his right to be named co-executor of the estate of Sarah Cherofsky, the deceased sister of the plaintiff's father and the aunt of the plaintiff and the defendants, pursuant to Sarah Cherofsky's will.

The Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. The plaintiff appeals.

"In considering a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (7), 'the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Raach v SLSJET Mgt. Corp.*, 134 AD3d 792, 793 [2015], quoting *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]; *see Miglino v Bally Total Fitness of Greater N.Y., Inc.*, 20 NY3d 342, 351 [2013]).

Here, even accepting the plaintiff's allegations as true and giving the plaintiff the benefit of every favorable inference, the complaint fails to state a cause of action, as the agreements alleged are void as against public policy (*see Oakeshott v Smith*, 104 App Div 384, 388-389 [1905], *affd* 185 NY 583 [1906]; *see also Village Taxi Corp. v Beltre*, 91 AD3d 92, 99 [2011]; *Charap v Willett*, 84 AD3d 1003, 1004 [2011]; *Rimberg & Assoc., P.C. v Jamaica Chamber of Commerce, Inc.*, 40 AD3d 1066, 1067 [2007]; *Matter of Ungar v Matarazzo Blumberg & Assoc.*, 260 AD2d 485 [1999]; *see generally Lanza v Carbone*, 130 AD3d 689, 691 [2015]).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action (*see Rimberg & Assoc., P.C. v Jamaica Chamber of Commerce, Inc.*, 40 AD3d at 1067; *Oakeshott v Smith*, 104 App Div at 388-389). Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.