| Matter of Chen |
|:---:|
| 2024 NY Slip Op 33714(U) |
| October 17, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2018-3902/C |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

New York County Surrogate's Court
DATA ENTRY DEPT.

OCT 1 7 2024

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------------x
In the Matter of the Proceeding under SCPA 1809 by
Kimball Chen and Catherine Zicherman in their
Capacities as Co-Trustees of the Chie Yuan Chen
2019 Trust, Successor to the November 11, 1983,
Trust of Chie Yuan Chen, against the Estate of

               KENDALL GRANVILLE CHEN,

                      Deceased,

David H. Fromm and William G. Levy, Executors.
-----------------------------------------------------------------------------x
M E L L A, S.:

**DECISION and ORDER**
File No.: 2018-3902/C

The following papers were considered on this motion to dismiss:

| Papers Considered | Numbered |
|---|---|
| Notice of Motion to Dismiss, with Affirmation of David H. Fromm, Esq., attaching Exhibits; and Affirmation of John R. Morken, Esq., attaching Exhibits | 1, 2, 3 |
| Memorandum of Law in Support of Motion to Dismiss | 4 |
| Affirmation of Elizabeth H.W. Fry, Esq., in Support of Motion, attaching Exhibits | 5 |
| Affirmation of Alan Effron, Esq., Joining Motion to Dismiss | 6 |
| Affirmation of Bret Cahn, Esq., Withdrawing Sealing Request | 7 |
| Declaration of Kimball Chen in Opposition | 8 |
| Memorandum of Law in Opposition | 9 |
| Letter of Mark S. Pincus, Esq., Re: Need for Accounting | 10 |
| Affirmation of Bret Cahn, Esq., Re: Need for Accounting, attaching Exhibits | 11 |
| Memorandum of Law of Executors Re: Need for Accounting | 12 |

At the call of the calendar on March 10, 2023, the court granted the Executors' pre-answer motion to dismiss (CPLR 3211) this proceeding to determine the validity of a claim (SCPA 1809) against the estate of Kendall Chen (Kendall). Petitioners sought to establish that certain trustee commissions paid to Kendall between 2000 and 2018 should be repaid to the trust established by decedent's father, Chie Yuan Chen (Grantor). That trust is now known as the Chie Yuan Chen 2019 Trust (the Trust), after it was decanted from the original trust established

[* 1]

by the Grantor under an instrument dated November 11, 1983.

Background

Grantor's two children, Kendall and Kimball Chen (Kimball), served as co-trustees of the Trust, which benefits Grantor's grandchildren, namely Kendall's four children and Kimball's two children. Kendall died on September 29, 2018, and Kimball still serves as co-trustee, along with decedent's ex-wife, Catherine Zicherman (Catherine), who succeeded Kendall as co-trustee.

Kimball and Catherine are Petitioners here, as current co-trustees of the Trust, and they allege that Kendall's estate should repay to the Trust the approximately $1 million in commissions Kendall received plus interest. The basis for Petitioners' claim to commissions is that Kendall breached his fiduciary duty by: (1) failing to inform his own children of bank accounts into which the income from the Trust for their benefit was paid, and (2) using some of these funds for his own personal benefit.

Kendall and Kimball established separate joint bank accounts for each of their children to which the Trust income was actually distributed until at least 2016. However, Kendall never told his children of the existence of these accounts. The Second Amended Petition, the pleading sought to be dismissed here, alleges that Kendall's children learned about these accounts approximately two years before Kendall's death.

Thereafter, Kendall engaged in negotiations with his children, who were separately represented by counsel. Those negotiations resulted in a comprehensive settlement between Kendall and his children regarding Kendall's administration of the Trust and his actions in respect of the bank accounts. Their agreement, memorialized in December 2016 (2016 Agreement), provided that, in exchange for certain payments (which were made), Kendall's children would release him, individually and as trustee, for any and all claims they had against

2

him, including those related to the Trust.

The question of whether a trustee is entitled to commissions is often a determination made incident to an accounting, where the entire picture of the trustee's actions can be assessed (*see generally* SCPA 2309). However, in this proceeding, upon court inquiry, the parties confirmed that none was seeking an accounting for the Trust. Moreover, to ensure that any beneficiary of the Trust could be heard on the issue of the commissions paid to Kendall, each was served with a citation, which gave notice of the specific relief that Petitioners seek, but no beneficiary appeared. Kendall's surviving spouse, who is a beneficiary of his estate, did appear through counsel and supported the instant motion to dismiss.

The dismissal motion, among other things, was premised on the documentary evidence of the 2016 Agreement and the release of Kendall contained therein as well as the Executors' contention that Petitioners' claim regarding commissions was barred by the statute of limitations or laches (CPLR 3211[a][1] & [5]). Further, the Executors asserted that the Trust was not aggrieved by Kendall's actions as trustee because he was acting outside of that role once the income had been distributed to the bank accounts of Kendall's children, who had, in any event, released him for those acts. The Executors' motion thus asserted as well that Petitioners lacked capacity to sue, as parties not aggrieved by Kendall's acts, and that they failed to state a claim for harm to the Trust (CPLR 3211[a][3] & [7]).

Discussion

The 2016 Agreement, and the releases it contains, can constitute "documentary evidence" on which to ground dismissal pursuant to CPLR 3211(a)(1) (*see Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76 [1st Dept 1999] [noting *inter alia* that documentary evidence of settlement agreement's terms flatly contradicting plaintiff's claims required dismissal]; *see also*

3

[* 3]

*Summit Solomon & Feldsman* v *Lacher*, 212 AD2d 487 [1st Dept 1995] [Where "allegations consist of bare legal conclusions as well as factual claims which are either inherently incredible or flatly contradicted by documentary evidence, they are not entitled to such consideration [that is, considered as true by the court]" (citations omitted)]).[1]

Pursuant to the provisions of the 2016 Agreement, Kendall's children were compensated for any harm they suffered as a result of Kendall's conduct in connection with the Trust, and they, after obtaining the advice of independent counsel, released Kendall for any claim they might have had against him, including any claim that he breached his fiduciary duty as trustee of the Trust. The same breaches of trust for which Kendall was released form the basis of the Petitioners' claim concerning commissions in this proceeding. Thus, the court determined that Petitioners cannot assert such a claim now because Kendall – individually and as trustee – was released by the beneficiaries of the Trust affected by his actions as set forth in the 2016 Agreement (*see Booth v 3669 Delaware, Inc.*, 92 NY2d 934, 935 [1998] ["Where . . . the language of a release is clear and unambiguous, [it is] binding on the parties"]; *King v Talbot*, 40 NY 76, 90 [1869] ["The rule is perfectly well settled, that a cestui que trust [trust beneficiary] is at liberty to elect to approve an unauthorized investment, and enjoy its profits, or to reject it at his option"]; *Blair v Cargill*, 111 App Div 853 [1st Dept 1906] ["A beneficiary may authorize his trustee to do what otherwise would be a breach of trust, or release and agree to hold him harmless for such an act after it is done"]; *Trump v Trump*, 77 Misc 3d 543 [Sup Ct, NY County 2022] [claims were released by beneficiary]; *Coffee Holding Co. v Schmalfeld*, 41 Misc 3d

---

1 No one argues that the 2016 Agreement is invalid or unenforceable as the product of fraud or overreaching (*see Matter of Bank of NY [Blumenkrantz]*, 193 AD3d 634 [1st Dept 2021]).

4

1215[A] [Sup Ct, Richmond County 2013]).

In the same vein, the court further determined that the allegations in the petition and motion submissions were insufficient to demonstrate that the trustees are aggrieved parties and thus did not have standing to make such claims (CPLR 3211[a][3]; *see Tuper v Tuper*, 101 AD3d 1651 [4th Dept 2012] [steps taken in individual capacity and not as trustee are not actionable as against party in representative capacity as trustee]; *see also Waldbaum, Inc. v Finance Adm'r of City of New York*, 74 NY2d 128 [1989] [party's interest must be directly affected to be an aggrieved party]). Rather, Kendall's children, as the beneficiaries of the Trust, are the parties aggrieved by Kendall's actions and they have released any and all claims based on Kendall's conduct (*see Glengariff Health Care Ctr. v New York State Dept. of Health*, 205 AD2d 626 [2d Dept 1994] [party must have a legally cognizable interest that is or will be affected by the proceeding]).

Likewise, accepting the allegations of the petition as true and affording them the benefit of every favorable inference, as the court must on a motion to dismiss for failure to state a claim under CPLR 3211(a)(7) (*see Cherofsky v Cherofsky*, 145 AD3d 850 [2d Dept 2016]), the court determined that the allegations which Petitioners made on behalf of the Trust, including that Kendall took funds which had been distributed to his children from their bank accounts in violation of his fiduciary obligations as trustee, did not establish that the Trust suffered any harm as a result of Kendall's actions. In other words, accepting the allegations in the petition as true, the assets that Kendall allegedly misappropriated did not belong to the Trust because the Trustees had already distributed them to the beneficiaries' accounts. Rather, the alleged actions of Kendall harmed his children, who should have received the distributions that were made by the Trustees and who have released any right to seek redress against Kendall as trustee. For this

5

reason, the court also concluded that the petition failed to state a valid claim against Kendall's estate for return of the commissions to the Trust (*see Lefkowitz v Bank of NY*, 676 F Supp 2d 229, 260-67 [SD NY 2009] [failure to plead plausible basis for inferring injury negates claims for breach of fiduciary duty and fraud claims, requiring dismissal]; *see also Matter of Lasdon*, 105 AD3d 499 [1st Dept 2013] [lengthy delay in distribution to beneficiaries did not warrant denial of commissions]; *see generally Matter of Armsted v Morgan Guar. Trust Co. of NY*, 13 AD3d 294 [1st Dept 2004] [noting standards for denying commissions, which are not denied merely because fiduciary may be surcharged]; *Matter of Pavlyak*, 139 AD3d 1338 [4th Dept 2016]; *Matter of Kinzler*, 195 AD2d 464 [2d Dept 1993]).

Finally, even if the court were to have concluded that the petition sufficiently alleged that the Trust was harmed by the payment of commissions to Kendall, dismissal was warranted because the Executors demonstrated in support of their motion that Petitioner Kimball, as co-trustee, ratified the payment of the commissions at issue. Kimball was not a party to the 2016 Agreement. However, according to him, he "was involved in discussions surrounding the investigation of [Kendall's] conduct and provided [his] children and their lawyer with information about the Trust, [but he, Kimball] was not involved in settlement discussions between [Kendall] and [his] children, [and] was not informed of the 2016 Settlement Agreement's terms before it was entered [into] . . . ." (Declaration of Kimball Chen in Opposition, at 2, para. 8). Kimball had written, in an email of July 14, 2016, to the officer at the financial institution handling the Trust's assets, that he would "not consent[] to the payment of any commissions to any Trustee . . . until after all claims against any Trustee have been resolved" (Affirmation of Elizabeth Fry, Esq., at Exh. D).

Respective counsel for Kendall and Kimball during the first half of 2017 drafted an

6

agreement entitled "The Chie Yuan Chen Grandchildren's Trust - Determination by Trustees" and it set forth Kendall's and Kimball's agreement as trustees regarding distributions including the calculation and payment of commissions. A signed copy of this agreement was not provided on this motion, but after several email exchanges (attached to the motion papers) between counsel in 2016 and 2017 to clarify Trust administration matters, counsel for Kimball clearly agreed to it and to allow commissions to be paid to Kendall (*id.* at Exhs. E to H). No party argues here that Kimball and Kendall did not act in conformity with this agreement, and although neither of them took commissions in 2016, both did receive them for all other years at issue, including 2017 and 2018. Kimball thus ratified the payments of commissions to Kendall, when, after he was aware of the conduct that is at the heart of the Petitioners' claim for breach of fiduciary duty, he and his counsel approved commissions to be paid to Kendall in 2017 and 2018, directly contrary to his position in this proceeding that commissions should be repaid to the Trust (*see Khaghan v Mehdizadeh*, 217 AD3d 452 [1st Dept 2023] [co-trustee independently ratified sale]; *see also Matter of Honig*, 72 Misc 3d 823, 832-33 [Sur Ct, Albany County 2021]; *cf. Matter of Miller*, 175 Misc 583 [Sur Ct, Westchester County 1940]).[2]

In light of the above determinations, the court has not addressed the Executors' other arguments supporting dismissal (e.g., statute of limitations, laches, estoppel, waiver). The court also notes that dismissal was requested by the Executors on the basis of CPLR 3211(a)(4), that of

---

2 Contrary to Petitioners' argument, this is not a claim of ratification requiring a hearing on what Kimball knew. This record establishes that Kimball's counsel knew about Kendall's alleged bad acts, which Kimball uses as the basis for his current claim for repayment of commissions, when Kimball agreed in 2017 to permit trustee commissions to be paid to Kendall (*see Jayne v Talisman Energy USA, Inc.*, 84 AD3d 1581 [3d Dept 2011] [recognizing on a motion to dismiss the parties' agreement ratifying past acts]; *see also Beutel v Beutel*, 55 NY2d 957 [1982]).

7

[* 7]

another action pending, specifically, the Executors' separate cross-petition in this court for a determination that the Petitioners' claim regarding commissions is invalid. However, that cross-petition (File No. 2018-3902/B) is now moot given that the court has granted the instant motion to dismiss.

Conclusion

Based on the foregoing, the court granted the motion to dismiss and dismissed the petition to determine the validity of the Petitioners' claim. The Executors' cross-petition regarding the same commissions claim is dismissed as moot.

This decision, together with the transcript of the March 10, 2023 proceedings, constitutes the order of the court.

Clerk to notify.

Dated: October 17, 2024

_____
S U R R O G A T E

8